HARTSHORN v. THE B., C. R. & N. R. Co.

1. **Railroads:** RIGHT OF WAY: MEASURE OF DAMAGES. In estimating the damages for the location of a railroad over a farm, the injury should not be limited to the legal subdivisions of land traversed by the road, but the injury to the farm as a whole should be considered.

2. ——: ——: EVIDENCE. Where an attempt had been made by the owner to lay out certain land over which a railroad was located into an addition to a town, lots and streets having been surveyed and staked out thereon and a plat made of the same, though such plat had not been certified and recorded so as to constitute a valid and legal addition, it was held that evidence of the subdivision and the plat were admissible to show the condition of the property, it being further shown that certain lots upon each side of one of the streets, as surveyed, had been sold, which would render it impossible to restore the property to its former condition.

3. ——: ——: MEASURE OF DAMAGES. Any inconvenience in the cultivation or use of a farm resulting from the location of the road thereon, and which would affect its market value, is proper to be considered as an element of damages.

4. ——: ——: ——: INTEREST. Where an appeal is taken by the landowner from the award of damages by the sheriff's jury, and upon the trial a larger sum is awarded, it is proper to allow interest thereon from the date of the award appealed from.

*Appeal from Benton Circuit Court.*

THURSDAY, DECEMBER 11.

THE defendant having served upon plaintiff the usual notices for the assessment of plaintiff's damages for right of way over the property of plaintiff described below, the sheriff's jury assessed said damages for right of way over the N. E. ¼ of the N. E. ¼ of section 9, and S. E. ¼ of section 4, township 85, range 14, at $400; and his damages for right of way over Hartshorn's addition to the town of Traer, Tama county, Iowa, at $533.

The plaintiff served notices of appeal from these assessments. In the Circuit Court the assessments were united and tried as one cause. The cause was tried by a jury and a verdict was returned awarding the plaintiff $1,608.50, as dam-

age to the farm, and $898.40 as damage to the addition to the town of Traer. The defendant appealed.

*J. & S. K. Tracy* and *C. W. Gardner*, for appellant.

*Hubbard & Clark*, for appellee.

DAY, J.—I. The plaintiff was permitted to prove that the right of way in question passed through his farm of four hundred and ninety-nine acres, and he was allowed to show the depreciation in the value of his whole farm on account of the taking of the right of way, and construction of the road. The defendant excepted to the evidence as to the depreciation in value of the entire farm, and claims that the investigation should be confined to the damage to the governmental subdivisions over which the road runs, and which are described in the notice of assessment and the return of the sheriff's jury. This position, we think, is not sound. Under this construction, if a farm consists of three forties, a railroad could give notice of the condemnation of a right of way over the middle forty, and confine the owner to the damage sustained to that forty, notwithstanding the fact that the location of the railroad would cut the farm in two, and greatly depreciate the entire value. Government subdivisions, we think, are entitled to no consideration, and cut no figure in the determination of the damage sustained. This should be arrived at by taking into consideration the entire farm, of whatever size, and considering how much less, as a whole, it is worth after, than before the taking of the right of way.

II. The defendant served upon plaintiff notice of an assessment of damages for right of way through Hartshorn's addition to the town of Tama. The plaintiff, against the objection of the defendant, testified: "I had that property surveyed and staked off in subdivisions, about half an acre each, with streets; the plat showed the survey; it was surveyed in 1876 or 1877. I sold seven of these subdivisions." Plaintiff's counsel then offered the plat, simply to illustrate the testimony, stating that it was not a good plat,

*1. RAILROADS: right of way: measure of damages.*

*2. ——: ——: evidence.*

having never been certified or recorded as provided by law. The defendant objected, which objection was overruled. The court upon this branch of the case instructed the jury as follows:

"12. In the opinion of the court, the plaintiff has not shown a lawful laying out and platting of his addition, in accordance with the statute, and he had no legal right to commence selling his supposed lots according to the plat which he attempted to have made. Nevertheless, having had it staked off and marked on the ground into divisions and pieces, and thrown out certain portions for streets; these last, if taken and used by the public, would estop him by act of dedication again to close them up, but the public would have a right to use the streets for highways; and you will consider all these circumstances as you find them, in estimating the damages; that is, while the platting is not lawfully done, as a town plat, yet, you should consider what had been done to the land in the way of opening and dedicating streets, by acts of the plaintiff, and acceptance by the public, if so accepted, in estimating damages.

"13. But the supposed streets would not become such unless the public had accepted the same as and for such streets, so far as the public were concerned; nevertheless, if sales were made to private parties of supposed lots by the plaintiff, with representations of streets, to induce the purchase, then the plaintiff would be estopped from afterwards shutting up such streets, to the inconvenience of such purchasers."

We think the court did not err in the admission of this evidence, considering the purpose for which it was offered, and the manner in which its effect is limited by the foregoing instructions. It was competent, as bearing upon the question of damages, to prove the real condition of the property.

III. It is claimed, however, that these instructions, in so far as they refer to an acceptance and use of the streets by the public, are not pertinent to the testimony, inasmuch as there was no proof that the public occupied and used the streets. We think this objection to these instructions is well taken. Still, we are inclined to think that if they are on that ground

erroneous, the error is without prejudice. The evidence shows that lots have been sold on both sides of what is designated as a street running through this land. Having so sold lots, the plaintiff cannot close up the street and restore the property to the condition of an entire tract. If the property cannot be restored to its former condition of an entire tract, then its present condition should be considered in estimating damages for right of way over it, and it is not material whether that condition was effected by the acceptance and use of the streets by the public, or by such a sale of lots as estops the plaintiff to assume control over the streets, or by both such facts. It is sufficient to sustain these instructions that the evidence shows, without conflict, a sale of lots in the manner above indicated.

.IV. The court instructed the jury as follows:

"8. The interruption of plaintiff in the use and cultivation of his land, or any inconvenience he may have been put to in

3. ——: ——. its cultivation and use as a live stock farm, or
damages. otherwise, according to his peculiar taste in farming, since the appropriation of the right of way, if any, cannot be considered by the jury as forming an element of damages in his favor, and your inquiry must be confined to the marketable value of plaintiff's land before and after the right of way was appropriated, taking into the account, in this connection, the number of acres taken for right of way, the manner of its location, the way his land is cut by the railroad, and the like; so as to be able to estimate the true market value of his land, affected by the location of the railroad before and after such location, the difference in the market value of the land affected by the appropriation of the strip for right of way before, and then again after, the right of way is asserted, will form or constitute his true measure of damages.

"9. Nevertheless, if you find from the evidence that the plaintiff's farm consisted of near five hundred acres of improved lands, and the right of way of defendant cut the same in such a manner as to injure the value of the same by throwing it open and dividing it into pieces, you are at liberty to consider all the circumstances and effects upon the lands and lots, if

any, by reason of the location upon the lands of the railroad, and all the inconveniences directly caused by the railway, in determining the effect the same would have upon the market value of the lands, and it is the depreciation in market value of. the premises which is the true measure of damages, and which you are to allow for, and not the matters which would cause such depreciation."

It is insisted by the appellant that instruction No. 9 is contradictory of No. 8, and authorizes the finding of damages for injuries, real or pretended, and inconveniences, upon which damages cannot be predicated. We think the instructions announce a correct rule. Everything resulting from the taking of the right of way may be considered in estimating the depreciation in the value of the farm.

V. The court instructed the jury that if they should find that the damages, at the date of the condemnation, were more than as found by the sheriff's jury, they should allow interest on the same to date of trial. The giving of this instruction is assigned as error. Ordinarily, it may be conceded that interest cannot be allowed upon unliquidated damages. But the theory of the law is that damages for right of way shall be estimated as of the date of condemnation, and that payment shall be made before possession is taken of the property. Where possession is taken of the property, and the damages are not paid because of the failure of the sheriff's jury to assess sufficient damages, it seems to us to be proper that interest should be allowed upon the damages finally recovered, if they are in excess of those awarded by the sheriff's jury.

VI. It is urged that the damages are excessive. They do seem very high. They are not, however, without support from the testimony. Several of the witnesses place the depreciation in the value of the farm at $5.00 per acre; one places it at $6.00, another at $8.00, and one at $10.00 per acre. One estimates the depreciation of the farm at $3,000.

One witness places the depreciation in Hartshorn's addition at $2,000, and four witnesses place it at $1,200. These estimates strike us as being extravagantly large, but that they fully

warrant the finding of the jury there can be no question. We are not warranted in setting aside the verdict as not sustained by the evidence.

              AFFIRMED.