CURTIS v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.

1. **Railroads:** RIGHT OF LAND-OWNER TO OPEN CROSSING: BURDEN TO
ESTABLISH. A farmer is not, as a matter of course, entitled to an open
crossing for his stock over the track of a railway which traverses his
pasture, regardless of all other means of crossing; and, before he can
demand such open crossing, he must show, at least, that he has no other
adequate means for transferring his stock from one side to the other of
the track. The plaintiff having failed to bring up all his evidence on
this appeal, this court cannot say that the court below erred in finding
that he was not entitled to the open crossing demanded by him.

*Appeal from Scott Circuit Court.*

TUESDAY, DECEMBER 11.

THIS action was brought to compel the defendant to put, in
an open crossing and a cattle guard at a point designated by
him in a notice served by him upon the defendant. The
court dismissed the plaintiff's petition, and rendered judg-
ment for the defendant for costs. The plaintiff appeals.

*Geo. E. Hubbell,* for appellant.

*Grant & Grant,* for appellee.

ADAMS, J.—The abstract does not purport to contain all
the evidence. The court made certain findings of fact, and
we shall assume that they were supported by the evidence.
The court found, in substance, that the defendant's track
crosses the plaintiff's pasture; that the plaintiff requested
the defendant to construct an open crossing at the place
designated in a notice served; that the defendant refused to
do so; that it had fenced the track on both sides, and put in
gates, and claimed that that was sufficient; that an open
crossing with cattle guards might have been put in at a
reasonable expense, but not a bridge or tunnel; that the
plaintiff was not cut off from the highway; that his only

ground for asking for an open crossing was to be saved the inconvenience of opening and shutting the gates when driving his cattle from one part of the pasture to the other; that the only objection made by the plaintiff was that the crossing was not an open one. The court also found as a conclusion of law that, "under the circumstances, the crossing provided by the defendant was adequate, and all that is required by law, so far as regards the question of being open or not."

I. The plaintiff assigns as error that the court erred in its finding that the only objection made by the plaintiff to the crossing was that it was not an open one.

The petition and evidence set out do not clearly show whether the fact that the crossing was not an open one constituted the plaintiff's only objection or not. It appears clearly enough that he demanded cattle guards. But such demand seems to have been made in connection with his demand for an open crossing. It is not shown that he demanded a crossing with gates and cattle guards; and, as the abstract does not purport to contain all the evidence, we cannot say that the court erred in finding that the plaintiff's only objection was that the crossing was not an open one. We shall assume, then, that the plaintiff's demand for cattle guards was to obviate the necessity of gates, and render an open crossing practicable and proper.

II. We come, then, to the question as to whether the crossing at the place where made, not being an open one, was adequate. We do not feel called upon to determine whether under any circumstances a farmer, whose pasture is crossed by railroad track, is entitled to an open crossing for the mere accommodation of his stock. The defendant contends strenuously that he is not. There would certainly be a grave objection to a crossing in a pasture that would allow cattle to enter upon the track and stop there. It would unquestionably be a source of danger. But, without going to the extent which the defendant contends that we should, we have to say that we do not think that it follows as a matter of course

that a farmer is entitled to such crossing for cattle, regardless of all other means of crossing. The burden was upon the plaintiff to show, at least, that he had no other adequate means, and, if he desired his case reviewed upon errors without the evidence, or without all the evidence, as he seeks in this case, he should have asked the court to find that he had no other adequate means, or, at least, to find what other means he had. As to what other means the plaintiff had, the findings are silent. We might rest the case here, but we think best to say that the evidence set out shows that there was a good enough crossing near by under a railroad bridge, except that in wet seasons it sometime became impassable. But how often it became impassable is not shown, nor how long it remained so, nor to what extent inconvenience was suffered. It is, however, shown that there was not only a railroad bridge for a crossing, but there was a highway boundary of the pasture. What other means the plaintiff had for transferring his stock from one side of the pasture to the other, we do not know. He has not allowed us to say that we are in possession of all the facts, and yet, with the burden of proof upon himself, he asks us to hold that the crossing complained of· is inadequate. He asks it for the reason that it is not an open one. We do not think that we should be justified in so holding.

AFFIRMED.