HAYES v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Railroads:** CONDEMNATION OF RIGHT OF WAY: APPEAL: INTEREST ON AWARD: FORMER ADJUDICATION. Where a railroad company condemns right of way, and pays the award of the commissioners to the sheriff, but stops the money in his hands by taking an appeal, and takes possession of the right of way, the land-owner is entitled to interest on the money at six per cent per annum from the time possession of the land is taken to the time the money is finally paid to him. But the question of interest is one which could and should be raised on the trial of the appeal, where the facts entitling the claimant thereto should be determined; and, if not so raised, and the company pays the amount awarded against it on the appeal, the land-owner cannot afterwards maintain a separate action, asking that the amount of his interest be ascertained, and praying for an injunction to restrain the company from using the right of way until such interest is paid. To such a case the rule applies, that "an adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and had determined." See *Stodghill v. C., B. & Q. R'y Co.*, 53 Iowa, 345.

*Appeal from Tama District Court.*

THURSDAY, APRIL 24, 1884.

THE plaintiff owns certain land in Tama county. The defendant constructed, and is maintaining, its road through the land. It has paid all the damages assessed, but the plaintiff claims certain interest upon the damages, and asks that the amount be ascertained, and also for an injunction to restrain the defendant from using the right of way, if the interest that shall be found due shall not be paid within such time as shall be fixed for its payment. The defendant demurred to the plaintiff's petition. The court sustained the demurrer. The plaintiff electing to stand upon his petition, judgment was rendered for the defendant for costs. The plaintiff appeals.

*Stivers & Louthan,* for appellant.

*Struble & Kinne,* for appellee.

ADAMS, J.—The petition shows that in August, 1881,

there was an appraisement of the plaintiff's damages by com-missioners, under the statute, and the damages were assessed at two thousand dollars; that the defendant paid to the sher-iff the amount of the assessment, and took an appeal to the circuit court of the county, and afterward obtained a removal to the circuit court of the United States; that upon the hearing in that court "it was found that the plaintiff's damages, caused by the location of said road at the time of the appraisement, were three thousand dollars;" the petition also shows that the defendant took possession and commenced using the right of way immediately upon the first appraisement; that in August, 1883, a little more than two months after the allowance of the additional one thousand dollars upon the hearing in the United States circuit court, the defendant paid the sum of one thousand dollars to the sheriff, and refused to pay any interest, no question of interest having been passed upon, nor until that time having been raised.

The demurrer is upon the general ground that the facts stated in the petition do not entitle the plaintiff to the relief demanded. It seems clear to us that, if the original assess-ment should have been three thousand dollars, as found by the circuit court of the United States, the plaintiff has not been fully compensated, because, while he has been kept out of the use of his land, he has also been kept out of the use of the money allowed as damages. If the amount originally assessed had not been paid to the sheriff, the defendant could not have taken possession, and, if it had not taken possession, it would have been immaterial, so far as any legal question is concerned, when the damages were paid and no question of interest could have arisen. The circuit court of the United States seems to have proceeded precisely as if this were the case. It merely raised the amount of the original assessment. Its attention was probably not called to the fact that the defendant had had possession for several months, while the plaintiff had been kept out of his money, which fact constitu-ted an additional element of damages.

The question now presented is as to whether this fact should have been shown upon that hearing. If it should, it is too late to show it now. "An adjudication is final and conclusive, not only as to matters actually determined, but as to every other matter which the parties might have litigated and have had decided." *Stodghill v. C., B. & Q. R'y Co.*, 53 Iowa, 345. The plaintiff's theory, as we understand it, is that there was nothing to be determined upon the appeal, except the question as to the correctness of the original assessment. The appeal is taken by merely serving notice. No pleadings seem to be contemplated. The sheriff files a certified copy of the appraisement, and the appeal proceeds upon such copy.

But, notwithstanding the informal method of procedure, we cannot think that the statute contemplates that the damages in a case like this shall be assessed by piecemeal,—a part by a jury, and a part by a court sitting in equity. When the defendant had completed its payment of three thousand dollars, it either had, or had not, a right to maintain its road and operate its trains. If it had not, we see no reason why it could not have been enjoined at once. The defendant's rights would appear to have been no greater than if it had paid some sum less than three thousand dollars. In addition, it would be involved in this dilemma: by reason of its failure to pay the interest, it would have had no right to occupy, and the amount necessay to be paid would depend upon a fact not adjudicated, and which the defendant had no means of having adjudicated.

It is, to be sure, contended by the defendant, that interest is a mere incident; that every essential fact has been adjudicated, and that the defendant had only to compute the interest to know the amount due. It may be conceded that interest proper is a mere incident, yet it may be doubted whether in any case interest can be considered as embraced in an adjudication which by its terms makes no reference to it.

Besides, the case at bar is peculiar. No judgment is ren-

·dered for right of way damages. The theory is that they are to be paid in advance of taking possession, and that the company, if it so elects, may refrain from taking possession, and escape liability. *Gear v. Dubuque & Sioux City R. Co.*, 20 Iowa, 523; *Dimmick v. The C. B. & St. L. Co.*, 58 Id., 637; *Stacy v. Vermont Cen. R. Co.*, 27 Vt., 39. There is noth- ·ing, then, in the mere assessment which gives a right to interest, or anything equivalent thereto. Where the damages assessed as of the time of the condemnation do not in the end constitute full compensation, it is by reason of the fact that the defendant elects to take possession, and, though he pays the amount assessed by the commissioners, he only pays to the sheriff, and by appeal stops the money in the sheriff's hands. The amount, then, which, if correctly assessed, would have been full compensation, if paid to the land-owner before possession was taken, needs to be enhanced, if paid afterwards.

Where the land-owner is kept out of both the use of the money and the use of the land, he is entitled to what would be equivalent to six per cent interest upon the money. *Daniels v. Railroad Co.*, 41 Iowa, 52; *Hartshorn v. Railroad Co.*, 52 Id., 616. The assessment is to be reached through a computation. But from what date? The date of the commissioner's appraisement is not material. That appraisement, as we have seen, did not of itself give a right to interest, or anything equivalent thereto. The date, manifestly, from which computation is to be made, is the time of taking possession. But this date does not appear in the record upon which the appeal is heard. It is to be established by evidence and calls for an adjudication. It is not true, then, as the plaintiff claims, that the amount of damages which he is now claiming has been rendered certain by the adjudication already had, and it is true that he is seeking the adjudication of his case by piecemeal.

We see no error in the ruling of the district court, and the judgment must be                                                    AFFIRMED.