## REED v. CHICAGO, M. & ST. P. RY. CO.

*(Circuit Court, N. D. Iowa, E. D.* November Term, 1885.)

1. RAILROAD COMPANIES—CONDEMNATION PROCEEDINGS—ALLOWANCE BY COURT OF INTEREST ON DAMAGES—IOWA STATUTE.

On an appeal from the award of a sheriff's jury in proceedings to condemn land for right of way, the court should, in the order made for the recording of the verdict rendered, provide for the payment of interest from the time when the company deprived the owner of the use of his property until the damages are all paid.

2. SAME—DIRECTION TO MARSHAL TO OUST COMPANY IF IT FAIL TO PAY DAMAGES—CODE IOWA, § 1258.

A circuit court, to which an appeal from the verdict of a sheriff's jury in condemnation proceedings has been removed from the state court, in the order entered on the verdict of the jury in that court awarding damages, should not direct the marshal to oust the railway company from the occupancy of the premises in case the damages assessed are not paid, but should leave the parties to their rights under the statute.

Assessment of Damages for Right of Way.

*Charles A. Clarke,* for plaintiff.

*W. J. Knight* and *Burton Hanson,* for defendant.

SHIRAS, J. This proceeding was originally commenced before a sheriff's jury, in Linn county, Iowa, for the purpose of assessing the damages caused to plaintiff by reason of the fact that the defendant had located its track over certain premises owned by plaintiff adjoining the city of Cedar Rapids. From the award of the sheriff's jury an appeal was taken, under the provisions of the state statute, to the circuit court of Linn county, from which court the cause was removed to this court, and at the present term the case was heard before a jury, and a verdict rendered assessing the damages at $1,600. By the express instructions of the court, the jury was directed to ascertain and assess the damages at the time the condemnation proceedings were had under the statute, and the assessment was made by the sheriff's jury, which was on the thirty-first of October, 1883.

Two questions are now presented to the court for determination, to-wit: (1) Can the court, in the order to be made for the recording of the verdict, provide for the payment of interest on the damages assessed by the jury? and (2) should the court provide, in case the damages are not paid by the company, that the marshal of this court shall oust the railway company from the premises in question?

1. In the cases of *Daniels* v. *Chicago, I. & N. R. Co.,* 41 Iowa, 52,

and *Hartshorn* v. *Burlington, C. R. & N. R. Co.*, 52 Iowa, 613, S. C. 3 N. W. Rep. 648, it was ruled that the property owner was entitled to the damages caused to his property at the time of the appropriation for the right of way, with interest thereon at the rate of 6 per cent. from that date. The defendant in the present case claims, however, that while such is the correct rule, yet the interest must be included in the verdict of the jury; and if it is not, then the court cannot provide for the allowance thereof, as that would be assessing the damages by piecemeal, and in support of this position defendant cites the case of *Hayes* v. *Chicago, M. & St. P. Ry. Co.*, 64 Iowa, 753; S. C. 19 N. W. Rep. 245.

It appeared in that cause that an appeal from the action of the sheriff's jury had been taken to the state court, and thence, by removal, into the United States circuit court for the Southern district of Iowa, in which court the damages were assessed by the jury at $3,000, being an increase of $1,000 over the sum fixed by the sheriff's jury. In the order made by the court no provision was made for the payment of interest. The company subsequently paid the $3,000, and refused to pay any interest thereon. Thereupon the property owner filed a petition for an injunction in the state court, asking that the company be restrained from using the right of way condemned over plaintiff's property until the interest on the damages assessed was paid. The supreme court of Iowa held that the plaintiff was in fault in not having provision made for the payment of interest in the adjudication had in the United States court, and that he could not, by another action, have his right to interest heard and determined. The court held that where the land-owner is kept out of the use of the money assessed as damages, and of the use of the land, he is entitled to 6 per cent. interest on the amount of damages from the date of the taking of the land by the company up to the date of payment; but in the particular case before the court the right to interest was lost because it had not been adjudicated by the court in which the assessment of damages was had. In this case, it was not determined that the court might not provide for interest upon the amount of damages awarded by the jury, but only that a failure to provide therefor would prevent the property owner from maintaining another action for the recovery of the interest, as that would be adjudicating the damages by piecemeal.

A consideration of the rights of the parties under the right of way act shows that it is impossible in these cases for the jury to fix by the verdict the amount of interest to be paid. Whether any interest is recoverable depends upon circumstances. If the company, upon the assessment by the sheriff's jury, deposits the amount of that assessment with the sheriff, and the property owner appeals, but upon the appeal the damages are not increased, then the company is not liable for interest. If, upon the assessment by the sheriff's jury, the case is appealed, but the railway company does not enter upon

the land until after the determination of the appeal, and pays the amount assessed previous to entering upon the land, then no interest is recoverable. In cases wherein the company enters upon possession before the trial of the cause upon appeal, and the damages are increased, then the property owner is entitled to interest from the time possession is taken until the payment is made; but the jury cannot know when the payment will be made, as that is an act yet to be performed. If the jury assess interest until date of trial, and no more is allowed, then the property owner is deprived of part of that which is his due; and, on the other hand, if the jury assess interest to date of trial, and interest is allowed on that sum until paid, then the company is compelled to pay compound interest on part of the verdict.

These and other like considerations show that in cases of this character, being proceedings of a peculiar nature, the only way in which the rights of all can be fully protected is for the jury to assess the damages as of the date of the assessment by the sheriff's jury, and then, upon the rendition of the verdict, for the court to make the proper order touching the question of interest. Until the verdict is rendered, it cannot be known whether plaintiff may be entitled to interest. When this is determined by the amount of the verdict, the court can then make the proper order, and the same will form part of the adjudication settling the damages. The order should fix the date when interest begins to run,—i. e., the time when the company deprives the property owner of the use of his property,—and from that date interest will run until the damages are paid.

Under the facts of this case the plaintiff is entitled to interest upon the amount of damages as ascertained by the verdict of the jury, from the time the defendant took possession of the right of way over plaintiff's lands, to-wit, up to the time the defendant pays the damages awarded plaintiff.

2. The second question presented for determination is whether the court should include in the order to be entered a provision authorizing the marshal of this court to oust the railway company from the occupancy of the premises, in case the damages assessed against it are not paid. The sole object of the appeal from the sheriff's jury is to have ascertained and finally determined the amount of the damages to be paid to the property owner. Under the statute no money judgment can be entered up against the company for the damages; nor can the collection thereof be enforced by execution. The statute points out the proceedings that may be had for the protection of the property owner in case the company fails to pay the damages after entering into possession of the right of way. Section 1258 of the Code provides that the sheriff, upon being furnished with a certified copy of the assessment, may remove the railway from the premises unless the amount of damage is forthwith paid. The right of the property owner to this remedy, and the authority of the sheriff to ex-

ercise it, are derived, not from an order of the court in which the damages may have been assessed, but from the provisions of the statute, and this remedy is open to the plaintiff in this case. The sheriff does not need a writ or mandate from the court, but only a certified copy of the assessment, in order that he may know the amount to be paid, and, having this, he can then proceed as in the statute directed. If the court should order the marshal to remove the defendant from the premises, it might lead to complications that should be avoided. Hence it is the safer rule to leave the parties to the rights and remedies pointed out by the statute.

The order to be entered, therefore, will be conformed to the rulings thus made.