Cox v. THE MASON CITY & FORT DODGE RAILWAY COMPANY.

1. **Appeal:** ABSTRACT NOT DENIED DEEMED TRUE. An amendment to appellant's abstract, filed by appellee, will be taken as true if not denied.

2. **Railroads:** RIGHT OF WAY: APPLICATION FOR APPRAISEMENT: CONSTRUCTION. Plaintiff's application to the sheriff to appraise his damages for right of way taken by the defendant for its road did not ask for the assessment of his damages to the particular lots named, but for the assessment of his damages to his lots, caused by the location of the road across particular lots, describing them. He owned all the lots in the block, but the road was located over a part of them only,—those particularly described. *Held* that the form of the application did not limit his claim to the damages to the lots particularly described. (*Waltemeyer v. Wisconsin, I. & N. Ry. Co.*, 71 Iowa, 626, *distinguished*.)

3. ——: ——: LOTS IN BLOCK OWNED BY PLAINTIFF: DAMAGES. Where all the town lots in a block were owned by plaintiff, and defendant located its road over some of them only, plaintiff was not limited in his recovery to the damage to the lots touched by the right of way, but was entitled to prove and recover the damage to the whole block. [ REED, C. J., *dissenting.*]

4. Costs: APPORTIONMENT ON APPEAL. This court cannot hear a complaint that the costs were all taxed by the trial court to appellant when they should have been apportioned, where no motion or request of that kind was made below.

*Appeal from Wright District Court.*—HON. S. M. WEAVER, Judge.

FILED, JANUARY 24, 1889.

THE plaintiff is the owner of the north half of block 9 in Cox's First addition, and all of block 10 in Cox's Second addition, to Eagle Grove Junction, in Wright county. The defendant's road is located across and touches lots 4, 5 and 6, in the north half of block 9, and lots 1, 2, 3, 4, 7, 8, 9, 10 and 11, in block 10. Proceedings were instituted by the plaintiff, by which a sheriff's jury was impaneled, and the damages for the location of the road assessed at $672.50. The defendant appealed to the district court, where the cause was tried by a jury, and the damage assessed at six hundred and sixty dollars, and the defendant again appeals.

*Cook & Filkins*, for appellant.

*Pillsbury, Moats & Moats*, for appellee.

GRANGER, J.—I. A motion is filed by appellee to strike from the abstract the record of a certain condemnation proceeding, and he presents an amended abstract, denying that they constitute any part of the record in the case.

1. APPEAL: abstract not denied deemed true.

This additional abstract is undenied by appellants, and, following the case of *Kearney v. Ferguson*, 50 Iowa, 72, the motion must be sustained.

II.   The first error assigned relates to the admission of certain testimony touching the measure of damages, and to the clear understanding of the question it will be unnecessary to set out in detail any part of the evidence given or offered.   The north half of block 9 and block 10 were separated by a street or alley.   The land in each of the blocks, as described, lay in a body, except that it was platted into lots for sale, and was a part of the townsite.   The plaintiff, to establish his damage in consequence of the location of the road, offered evidence to show the value of block 10 before and after the location of the road, and the same of the half of block 9.   The defendant objected to the testimony in each case on the ground that in each tract there were lots not crossed or touched by the right of way, and that the testimony was irrelevant and immaterial.

It is urged that the plaintiff, in his notice to the sheriff to summon a jury to assess the damages, only asked an award on lots actually taken or touched by the right of way, and that for this reason the proceedings should be limited to the particular lots.   Without expressing an opinion as to the legal effect of such a notice, we think, as disclosed by the abstract, it is of a different import.   It does not ask for a jury to assess damages to the particular lots named, but does ask for a jury to assess the damage to his lots, caused by the location of the road across the particular lots, designating them by number.   The following is the language of the abstract:   "An application to have the damages assessed on his lots, caused by the defendant, the Mason City and Fort Dodge Railroad Company, running through and upon the following real estate, of which he is the owner."   This would hardly be the natural language used if he sought damage only to the designated lots. We think a fair interpretation is that he designated

2. RAILROADS: right of way: application for appraisement: construction.

certain lots of his as crossed by the right of way, and asked the assessment of legal damage resulting there-from. The case of *Waltemeyer v. Wis., I. & N. Ry. Co.*, 71 Iowa, 626, is very different in principle. That was an ordinary action in court for damage caused by the company going outside of its right of way, and taking the plaintiff's land. He alleged in his petition damage to one hundred and sixty acres, and upon the trial sought and was permitted to prove the damage per acre to two hundred and forty acres, that being the extent of his farm. The court rightfully held it error, upon the theory that he brought his action for damage to one hundred and sixty acres, and should be limited thereto.

Upon the question of the right of plaintiff to recover damage to lots other than those touched by the right of way, we are referred to several authorities in this state, but to none where the question is as to damage to town lots, as in this case. As to farm lands, the law is well settled, and the owner of lands is not limited in his right of recovery to the subdivision of land crossed or touched by the right of way, but the entire farm, of whatever size, if in one tract, or so lying that it is used as one farm, may be considered. In such cases the question is, how is the value of the farm affected by the construction of the road across it? and to the extent that it is lessened in value, the owner is entitled to recover. Accepting this as the rule in such cases, we are led to the query, wherein does the case at bar differ? Take block number 10, across which defendant's road passes. The lots composing the block may be considered as on the market. It is one body of land, owned by one person. In the case of farm lands, where four forties constitute a tract, and one forty is crossed by the road, we inquire, in assessing the damage, what was the value of the entire tract before the location of the road? and then, how much less is it worth after the location? and the difference is the measure of damage. It is just compensation; being one piece or parcel of property, its entire

3. —— : —— :
lots in block
owned by
plaintiff:
damages.

depreciation is measured. Now, with the block of lots we are unable to mark a distinction. It is as clearly one piece or parcel of property. The taking of one or two lots, or parts thereof, for railroad purposes, may materially lessen the value of the rest. Whether or not it would is, of course, not a question of law, but of fact. Admitting that it would, it becomes a question of law, and the exact case before us ; for here the question of fact is established by due inquiry. It seems to us that a rule of law that would say to the owner of the block, "Your measure of damage is limited to the particular lots touched by the right of way," without reference to the remaining lots in the block, would be to make a "distinction without a difference." We hold that there was no error in the admission of the testimony.

III. Error is assigned to the giving of certain instructions by the court, and the refusal of some asked by appellant. One given by the court, to which exception was taken, was in exact harmony with the rule adopted as to the admission of testimony, which we approve, and hence, of course, we approve the instruction. One asked by appellant announced an exactly opposite rule, and was rightly refused. The remaining errors assigned, as to giving and refusing instructions, are not argued, and we do not consider them.

IV. The court below taxed the costs to the defendant, and error is assigned in that respect. Appellant insists that there should have been an apportionment of the costs. This would, in no event, be a reversible error, and with the present state of the record we cannot interfere with the order. The record shows that the court ordered judgment against the defendant for the "costs herein, taxed at $——, to which the defendant excepted." The court was not asked to make an apportionment, and until its attention is called thereto, and a request refused, we cannot interfere.

4. Costs: apportionment on appeal.

AFFIRMED.

REED, C. J., (*dissenting.*)—In my opinion each lot should be regarded as a separate tract or parcel of real estate. They are so treated in all ordinary dealings, and the law so regards them. Plaintiff was entitled to be compensated for the damage to the lots touched by the right of way, but as to the others the injury is the same as that sustained by other proprietors whose property is similarly situated. If he had not owned any of the lots touched by the right of way, but had owned the others, no one would contend that he was entitled to be compensated for the injury to them, and I know of no principle upon which he is entitled to be compensated for that injury, simply because he happens to own those lots, a part of which was taken.