ELLSWORTH & JONES v. THE CHICAGO & IOWA WESTERN RAILWAY COMPANY, Appellant.

Condemnation Proceedings:· Notice: Waiver. A notice of condemnation directed to a person named "and all others owning or having an interest" in the land, is not notice to a person not named; but, if he appeals from an assessment had under the notice, he is estopped to claim want of notice.

Practice: Damages: Evidence. On appeal, the value at the time of the assessment appealed from was made, governs.

SAME. Ordinarily, damages in such cases is the depreciation in value of the whole farm of which the tract occupied by the condemning railroad is a part. But when the whole body of land is wild, diversified, and not used as an entirety, the question whether the whole of the land or the part crossed by the track shall be considered in assessing damages, should be sent to the jury.

SAME. On this issue it is proper to show what cuts and fills the proposed railroad will make, and what effect it will have on farming operations.

*Appeal from Emmet District Court.*—HON. LOT THOMAS, Judge.

THURSDAY, MAY 24, 1894.

PROCEEDING to ascertain the damages caused by taking land of the plaintiffs for right of way purposes. There was a trial by jury and a judgment, from which the defendant appeals.—*Reversed.*

*Soper, Allen & Morling* for appellant.

*Nagle & Birdsall* and *J. G. Myerly* for appellees.

ROBINSON, J.—In February, 1892, the defendant gave notice to J. H. Griffith "and all other persons having any interest in or owning any of" the northeast quarter of the northwest quarter, the northwest quarter of the northwest quarter, the northwest quarter of the northeast quarter, the southeast quarter of the northwest quarter, and the southwest quarter of the northwest quarter, all in section 16, township 99, range 31, that it had located its railway over the land and desired the right of way over it, and that, unless the landowners should have the damages to be caused by taking the right of way appraised on or before the twenty-fifth day of March, the defendant would proceed to have them appraised on the twenty-second day of April. On the date last named, the defendant caused the damages to be appraised, and they were fixed at one hundred and thirty-five dollars. That sum was paid by the defendant to the sheriff on the tenth day of June, 1892. On the eighteenth day of May, Griffith and the plaintiffs served a notice of appeal from the assessment, and on the twenty-third day of August, 1892, the plaintiffs filed what is styled a "petition of intervention," in which they allege that they are nonresidents of Emmet county; that they were, and had been for more than ten months, the owners of the north half and the southwest quarter of section 16, township 99, range 31, and that it constituted one tract; that by reason of the location of the railway across the land, and the appropriation of the right of way, they had been damaged in the sum of two thousand dollars; that the only notice given to them of the assessment proceedings was one published in a newspaper in Emmet county, and that Griffith had no interest in the land. The jury in the

district court fixed the damages of plaintiffs at the sum of eight hundred and fifty dollars.

1. The land was sold in the year 1891 by the auditor of Emmet county, in eighty acre tracts, to three different persons, one of whom was Griffith; but the contracts of purchase were assigned to the plaintiffs, and it was agreed, in open court, at the time of the trial, that they were then the owners of the land. It does not appear, however, that the defendants had any knowledge of the ownership of plaintiffs when the notice of appraisement was served. It was held in *Birge v. R'y Co.*, 65 Iowa, 442, 21 N. W. Rep. 767, that: A published notice to a person named, and "all other persons having any interest in or owning any of" the land described in the notice was not sufficient, as constructive notice, to charge an owner not named; but that if it actually notified him, and he appeared at the assessment, as he might be expected to do if properly notified, the object would be accomplished. It is not shown that the plaintiffs in this case appeared at the assessment, but they gave notice of appeal from it, and recognize it in their petition. The proceedings in the district court were, in all respects, conducted as though they had been parties to the assessment. They were, in effect, and for all practical purposes, substituted for Griffith, as the owners of the property. This proceeding was the one recognized by statute as the proper one for ascertaining the damages caused by the taking of the right of way. *Daniels v. Railway Company*, 35 Iowa, 134. In view of these facts, it must be held that the rights of the plaintiffs are the same they would have been had they been duly notified of the assessment proceedings, and that, for the purposes of this appeal, they must be regarded as parties to those proceedings. The rights acquired by the defendant are the same they would have been had that been the case. See *R'y Co. v. Patch*, 28 Kan. 470.

It is the general rule that the damages are to be assessed as of the time when the commissioners make their appraisement, if the company proceeds under the assessment with reasonable diligence, and that the values as they existed at that time are to control on appeal. *Hartshorn v. R'y Co.*, 52 Iowa, 617; 3 N. W. Rep. 648. See, also, *Gear v. R'y Co.*, 20 Iowa, 522; *Noble v. R'y Co.*, 61 Iowa, 638, 17 N. W. Rep. 26; *Hayes v. R'y Co.*, 64 Iowa, 753, 19 N. W. Rep. 245; Mills, Em. Dom., sec. 218.

The appellant contends that the district court erred in allowing the plaintiffs to prove the value of the land at the time of the trial in that court. The appellees do not deny that the rule for ascertaining damages is as stated, but claim that it was followed by the court. We think the claim is not sustained by the record. One witness was permitted to answer this question: "How much less, if anything, in your judgment, is this tract of land worth by reason of the appropriation of a strip one hundred feet wide, running diagonally through it, as shown by the plat, than it was before the appropriation of the strip?" It is clear that the question calls for the value of the tract, not at the time of, and immediately after, the assessment, but at the time the question was asked, and that it should not have been allowed. Other questions of the same character were asked, and the error of the court in permitting answers to such questions was, in effect, incorporated in the charge to the jury. As there had been a large increase in the value of the land during a few months preceding the trial in the district court, it is probable that the errors pointed out were prejudicial.

II. The notice for the assessment of damages described only the forty acre tract of land from which the right of way was to be taken. The court permitted the plaintiffs to show the damages to the four hundred and eighty acres of land which they own, and directed the jury that, in determining

the question of damages, their inquiry should not be confined to that part of the land lying contiguous to the proposed road, but to determine the damages to the entire tract, taken together, as a whole. It was said in *Hartshorn v. Railway Co.*, 52 Iowa, 614, 3 N. W. Rep. 648, that government subdivisions are not entitled to consideration, and have no effect, in determining the damages caused by taking a right of way, but that they should be ascertained by considering the entire farm, as a whole. In *Dudley v. Railway Co.*, 77 Iowa, 410, 42 N. W. Rep. 359, it was said: "When a farm is crossed on a right of way, that the damage to the entire farm may be considered, in estimating damages, is hardly an open question in this state." In *Cox v. Railway Co.*, 77 Iowa, 23, 41 N. W. Rep. 475, it was said that the law in regard to farm lands is settled, and that the owner of such lands "is not limited in his right of recovery, to the subdivision of land crossed or touched by the right of way, but that the entire farm, of whatever size, if in one tract, or so lying that it is used as one farm, may be considered." We think it is immaterial that the defendant gave notice of the appraisement of damages to parts, only, of a tract of land. If the tracts specified are merely parts of a body of land which should be treated as an entirety, the commissioners are appointed by the sheriff to determine the damages to the whole, and the same rule should be followed on appeal to the district court. It will be noticed that in the cases cited it is said that the entire farm, or tract used as one farm, is to be considered as an entirety, for the purpose of assessing damages; but the land involved in this case is unimproved land, and is of diversified qualities, adapted for different purposes. It is not used as an entirety, and it is not shown that the plaintiffs designed so to use it. Possibly, the entire tract would make a good stock farm, as some of it is grazing land, and some adapted to culti-

vation; that it would be more valuable if used as a single tract; that it should be treated as designed for such use. But that was not conceded on the trial, and the evidence did not authorize the court to assume that such was the fact. The right of way does not touch either half of the southwest quarter, nor the south half of the northeast quarter of the section, and each of them was sold by the auditor separately. In view of the facts to which we have called attention, we are of the opinion that whether the entire tract should have been considered as a whole, or portions of it separately, in estimating the damages, were questions of fact, which should have been submitted to the jury. *Kremer v. Railway Co.*, 52 N. W. Rep. (Minn.) 977.

III. The defendant complains that evidence was received to show the cuts and fills the defendant would be required to make in order to construct its road, and what effect the road would have upon farming operations. We do not understand the purpose for which evidence was admitted on the part of the plaintiffs that it would be necessary to bridge a certain stream, but it may be that the relevancy and competency of the evidence would be shown on another trial.

It is only necessary for us to say that evidence to show the effect which the building of the railway will have upon the use of the farm, and upon the manner of carrying it on, may be competent, in order that the jury may fully understand the nature and extent of the changes which the building and operation of the railway will make necessary, and thus be better able to ascertain and assess the damages. For the reasons shown, the judgment of the district court is REVERSED.