A. F. LOUGH and GEORGE R. MITCHELL v. THE MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellant.

A. F. LOUGH and GEORGE R. MITCHELL, Appellants, v. THE MINNEAPOLIS & ST. LOUIS RAILROAD CO.

Condemnation Proceedings: DAMAGES. In condemnation proceedings by a railroad company to obtain a right of way over land used as a single farm, it was proper for the jury, in estimating .1 damages to the farm, to consider the duty required of the company by Code, section 2022, to construct an adequate crossing over or under its road.

SAME: *Instructions.* An instruction that the law presumed that the railroad company would construct a sufficient crossing, and that in estimating the damages it should be assumed that such crossing would be provided; that the land owner is entitled 2 to one adequate crossing; and that upon the landowner's request the company would be bound to furnish such crossing at a place designated, but that the damages should be fixed

without regard to whether the crossing would be a surface or an under crossing,—was a proper guide in estimating the damages.

SAME: *Evidence.* Although the owner had testified that a certain portion of his farm crossed by the railroad was adapted for pasturage, and that he had intended to use it for stock purposes, it was error to limit the witnesses testifying to the market value of the farm to a consideration of the particular purpose.

SAME. It was error to allow the railroad company to examine its witnesses as to the value of a part of the farm crossed by its road, separate from the other portions thereof, since the owner was entitled to have his farm valued as a whole.

*Error not cured.* The error in allowing the witness to testify as to a portion of the farm separately from the other portions was not cured by the testimony of the same witness as to the value of the farm as a whole.

MEASURE OF DAMAGES. The proper measure of damages in a condemnation proceeding to secure a railroad right of way across the farm is the difference between the fair market value of the farm before and after the taking of the right of way, exclusive of any benefits which might accrue to the land by reason of the construction of the road.

INTEREST. Where land is condemned and possession taken before damages are paid, interest should be allowed on the amount of the award.

*Same.* Where there was evidence that possession was taken of the land condemned, during a certain month, an award of interest from the first day of the following month would be justified.

*Court and jury.* Where the evidence as to when possession was taken of the condemned land was undisputed, the question of the allowance of interest was for the court.

*Appeal from Emmet District Court.*—HON. W. B. QUARTON, Judge.

TUESDAY, FEBRUARY 11, 1902.

THESE two appeals are in the same case, which was a condemnation proceeding instituted on the part of defendant company to obtain a right of way over land belonging to plaintiff Lough, upon which Mitchell, his co-plaintiff, held

a mortgage. A jury trial was had, and a verdict returned awarding the sum of $850 as damages. From the judgment entered on this verdict, plaintiff's appeal. The appeal of defendant is from an order of the court taxing an attorney's fee in favor of the plaintiff's.—*Reversed.*

*Soper, Allen & Alexander* for plaintiffs.

*A. E. Clark, R. M. Wright* and *Crim & Penn* for defendant.

WATERMAN, J.—Section 2007 of the Code, which provides for the taxation of an attorney's fee in favor of the landowner in proceedings of this kind, has been recently held by this court to be constitutional and valid, and the right of the landowner to recover attorney's fees thereunder, after a very full consideration of the question, was affirmed. See *Gano v. Railroad Co.,* 114 Iowa, 713. Following that case, the order of the trial court from which defendant appeals must be held correct.

II. We proceed now to a determination of plaintiff's appeals. Lough owns the east ½ of section 33, and the northwest ¼ of section 34, in township 99, range 34, Emmet county, using the whole as a single farm. His buildings are all on the northeast ¼ of section 33. A public highway runs north and south between sections 33 and 34. Defendant's right of way enters the northwest ¼ of section 34 on its north line a few rods east of its west boundary, and runs nearly due south, turning to the west so as to cut 3.4 acres off the southeast corner of the southeast ¼ of section 33. It is first contended that in the examination of witnesses and by remarks of defendant's counsel there was conveyed to the jury, over plaintiffs' objections, the idea that defendant would construct a crossing on plaintiffs' land, and particularly that it would provide an underground crossing. We have read the evidence with care, and do not find that defendant did more than present the thought that an adequate crossing over its

track would be constructed, and, if only an underground crossing would be adequate, that such a crossing would be given. This is the law. Section 2022, Code; *Curtis v. Railroad Co.*, 62 Iowa, 418. Was it erroneous to have the jury consider this matter in making up their verdict? The land in the northwest ¼ section 34 was rough, so that, as plaintiff Lough claimed, defendant's roadbed was a series of cuts and fills through his farm. If a jury were to be kept in ignorance of the fact that a plaintiff could secure an adequate crossing, more damages might be allowed in cases of this kind than are really suffered. We do not understand the case of *Pingery v. Railroad Co.*, 78 Iowa, 438, to hold as a general rule that the jury have no right to consider the fact that an adequate crossing will be given, but only that under the facts of that case, where the crossing was already in, and there was a dispute between the parties as to where it should properly be located, the jury had nothing to do with the matter. Plaintiffs were entitled to compensation for the injury done this farm by the railroad company, when they had finished, not only the work which the law authorized, but also that which it required them to do.

The trial court gave the two following instructions upon the subject:

"The law presumes that the defendant railroad company will furnish and construct an adequate crossing sufficient to meet the necessities of the plaintiff. In estimating the damages in this case, you should assume that such adequate and sufficient crossing will be provided by the railroad company."

"You are instructed that under the law the plaintiff is entitled to one adequate crossing across defendant's right of way on his farm, at such a reasonable place as plaintiff may designate, and defendant will be bound to furnish such crossing at such place upon the request of the plaintiff for the same; but whether such adequate crossing will be a surface crossing or an under crossing you have nothing to do with in this case, but should, without regard thereto, fix the

plaintiff's damages in accordance with the instructions ·here given you."

These instructions were a proper guide for the jury, and they seem to be sustained in *Bell v. Railroad Co.*, 74 Iowa, 344, although in that case the objection came from the defendant.

III. This question was asked of one witness by the defendant, and in substance of several others, and over plaintiff's objection was answered: "Q. He (Lough) testified that he desired to use this quarter section (northwest quarter of 34) as a stock farm? A. I didn't hear that. Q. Well, that is a fact. Now, assuming that he desired to use it for pasturing stock and as a stock farm; assuming that the defendant railroad company will furnish an adequate crossing, sufficient and adequate to satisfy the requirements; considering that it is to be used for pasturing stock or pasturing cattle, and as a stock farm; I say, assuming that an adequate and sufficient crossing under those circumstances will be furnished by the railroad company without cost to Mr. Lough—what is the difference in the market value of this Lough farm immediately before the location of the railroad across it and immediately after the location of the railroad across it?" In so far as the objection rests upon the reference made to the crossing, it is disposed of by what we have already said. But it is further urged the question singles out a particular use for this quarter section and for the farm. Lough had testified that this quarter section was fenced and arranged for stock purposes and was adapted for pasturage. This, however, was not sufficient to justify the form of the question. He was entitled to have a value placed upon his farm for any purpose to which it might reasonably be put. *Doud v. Railroad Co.*, 76 Iowa, 438, and cases cited. It was error to limit the witnesses to a consideration of any special use for the land. In this connection, we may say also it was error on the part of the trial court to permit defendant, in the examination of two of its witnesses, to ask

as to the value of the same quarter section, distinct from the rest of the farm. There is a claim that this was without prejudice, because these witnesses testified also to the value of the farm as a whole, but that fact will not right the wrong done. Lough was entitled to have his farm valued as a whole, and his damage assessed on that basis. *Hartshorn v. Railroad Co.,* 52 Iowa, 613; *Ham v. Railroad Co.,* 61 Iowa, 716; *Cox v. Railroad Co.,* 77 Iowa, 20; *Ellsworth v. Railroad Co.,* 91 Iowa, 386. It was error for the witnesses to value the farm in detached parcels. *Winklemans v. Railway Co.,* 62 Iowa, 11. It might be that the particular tract crossed by the railroad was of little value, and a showing of this fact would tend to distract the attention of the jury from the real question, and confuse them, at least, if not induce them to base their finding of damage largely upon the injury done to it, considered as a separate and distinct parcel.

IV. Instruction No. 8, given by the trial court, relates to the measure of damages. The jury are told to find the fair market value of the farm before the taking of the right of way, and its fair market value after such taking, and allow plaintiff the difference. The objection to this paragraph is that it does not exclude benefits to the land resulting from the building of the road. It is sought to sustain the instruction on two grounds: (1) That counsel for plaintiffs afforded a foundation for it by interrogating their witnesses on the matter of values, saying nothing of the exclusion of benefits; and (2) that the instruction is good as far as it goes, and nothing farther was asked by plaintiffs. The rule stated in the instruction is erroneous. Plaintiffs were entitled to the difference in the fair market value of the land, exclusive of any benefits it might derive from the construction of the road. Section 18, article 1, Constitution; *Sater v. Railroad Co.,* 1 Iowa, 386; *Henry v. Railroad Co.,* 2 Iowa, 288-310; *Deaton v. Polk County,* 9 Iowa, 594; *Smalley v. Railroad Co.,* 36 Iowa, 571; *Briton v. Railroad Co.,* 59 Iowa, 540; *Ben-*

*nett v. City of Marion,* 106 Iowa, 635.   Perhaps under the circumstances of this case, we should not reverse for the fault in this instruction; but as a new trial must be had it seems proper that we call attention to the omitted qualification.

V.   Judgment was entered for the amount of the damages, without interest.   Where land is condemned and taken possession of before the damages are paid, interest should be allowed on the amount of the award.   *Hartshorn v. Railroad Co.,* 52 Iowa, 613;  *Hollingsworth v. Railroad Co.,* 63 Iowa, 443; *Hayes v. Railroad Co.,* 64 Iowa, 753.   On this point appellee claims no sufficient showing was made to warrant the allowance of interest.   There was evidence tending to show that defendant took possession of the land in the month of September, 1899.   This would have justified an award of interest after October 1st of that year.   It was a matter for the court to act upon, and need not have been submitted to the jury, for no disputed questions of fact were involved.   Plaintiffs, therefore, lost no rights by failing to ask an instruction on the subject.

VI. Some other questions are discussed, but, as they are not likely to again arise, we do not feel required to pass on them.

The judgment on defendant's appeal is AFFIRMED, and on plaintiff's appeal it is REVERSED.