416

MARK HARRIS, SR., et ux., appellants, v. GREEN BAY LEVEE AND
DRAINAGE DISTRICT No. 2 (Lee County) and BOARD OF
SUPERVISORS, appellees.

No. 48590.

(Reported in 68 N.W.2d 69)

JANUARY 12, 1955.

Napier & Fehseke, of Fort Madison, and Dailey & Dailey, of Burlington, for appellants.

Omar E. Herminghausen and Roy W. Deitchler, both of Fort Madison, for appellees.

LARSON, J.—This condemnation proceeding was before us on a former appeal. That appeal was by defendants and involved the amount of the award. Harris v. Board of Trustees of Green Bay Levee and Drainage District, 244 Iowa 1169, 59 N.W.2d 234. On that appeal we affirmed the damage award as increased by the district court.

The record on that appeal revealed that after the district court had fixed the amount of the award and before notice of appeal was served plaintiffs moved for a supplemental order "fixing interest on any and all amounts of damage and compen-

418

sation found in favor of plaintiffs at 5% from and after June 5, 1951." To this motion defendants filed resistance.

When the matter was first presented to us, counsel for plaintiffs explained that the motion before the district court to fix interest had not been heard or passed upon, and as they were content to have that done they were not seriously contending for their cross-appeal. We therefore said in our opinion: "Plaintiffs did not seriously contend for their cross-appeal relating to interest * * * and it is given no consideration herein." (244 Iowa 1169 at page 1180, 59 N.W.2d at page 240.)

After our decision on the first appeal plaintiffs pursued in the district court their motion and demand for interest on the award from the date they claim their land was actually appropriated. But the court denied their motion, pointing out the language of this court's opinion above-quoted and the fact plaintiffs had filed a petition for rehearing on the subject of interest, which petition had been denied. The trial court added: "This court is unable to read the language of the Supreme Court in any other way than as denying interest * * *."

The present appeal by plaintiffs is from that decision. Plaintiffs argue (1) their claimed legal right under the statute to interest on the award from the date their land was actually expropriated, and (2) a denial that any adjudication of the interest question resulted by reason of the disposition on the former appeal.

Defendants insist the question of interest was involved in the first appeal as an integral part of the case and that to hold otherwise would permit plaintiffs to split their cause of action and have two appeals upon their one indivisible demand; that their interest claim was in legal effect denied by the district court award, was expressly urged by plaintiffs on cross-appeal and by their petition for rehearing, and that the issue has been definitely adjudicated. We do not interpret defendants' brief as denying the plaintiffs' original right to claim interest but they argue that question has been disposed of. We do not agree.

■ I. Chapter 455, Iowa Code, 1950 (now 1954) under which defendant levee and drainage district is organized is not primarily an eminent domain or condemnation statute. It and chapters 456 to 468 deal more especially with the organization

and operation of drainage districts and only incidentally with the procedure to be followed in the condemnation of private property for drainage purposes.

For the rules relating to the actual process of taking private property for public use chapter 472 of said Code is applicable "unless and except as otherwise provided by law." Code section 472.1.

We find no provisions under the drainage chapter to indicate any rule as to interest different from that controlling in other condemnation cases.

In perhaps our most recent case involving interest on a condemnation award we said: "Perhaps we might disregard this complaint on the ground plaintiffs' claim to interest on the amount of the verdict seems not to have been called to the trial court's attention. * * * Any interest which might be due should be computed from the time of taking possession [citing cases]." Hayes v. Chicago, R. I. & P. Ry. Co., 239 Iowa 149, 155, 30 N.W.2d 743, 746.

In that case we disallowed interest because the damages allowed by the district court were *less* than the sheriff's jury award. Here the district court materially *increased* the amount allowed by the drainage board. In Welton v. Iowa State Highway Comm., 211 Iowa 625, 639, 233 N.W. 876, 884, it was said: "The correct method to be followed is for the jury to ascertain the amount of plaintiff's damages, and if this amount is *larger* than the condemnation award, the court can add the interest from the date of the taking. Beal v. Iowa State Highway Comm., 209 Iowa 1308." (Emphasis ours.)

It would seem from these and other cases that might be cited plaintiffs here were at least originally entitled to interest upon the award as enlarged by the district court. See Lough v. Minneapolis & St. L. R. Co., 116 Iowa 31, 37, 89 N.W. 77.

II. Originally the trial court, sitting as a jury, fixed the damages in excess of the appealed award. The record on former appeal shows the order of the district court fixing these damages was entered March 25, 1952. The jury function is confined to determination of damages and does not consider the matter of interest which is the duty of the court. Under all of our decisions

in such matters interest is not considered a part of the damages. Hayes v. Chicago, R. I. & P. Ry. Co. and Welton v. Iowa State Highway Comm., both supra; Hartshorn v. B., C. R. & N. R. Co., 52 Iowa 613, 617, 3 N.W. 648, 652; 96 A. L. R. 18, 159-161, 202-206. Juries are correctly told not to take into consideration the matter of interest. Beal v. Iowa State Highway Comm., 209 Iowa 1308, 230 N.W. 302. Thus in such condemnation matters as we have here the jury performs part of the task and the court performs part of the task. Together they arrive at the amount of the damages and the interest, if any, due plaintiffs as just relief for the loss of their property. We have long since overruled Lough v. Minneapolis & St. L. R. Co., supra, 116 Iowa 31, 89 N. W. 77, which held it improper for the jury to assess part of the amount due, and the court to assess the other. If possession were not taken before payment, no interest would be due, but where possession is taken before payment the court has the duty to fix the interest. This is obviously correct, for the jury could not and should not be allowed to speculate as to a future date of possession in fixing the award to include interest. Hartshorn v. B., C. R. & N. R. Co. and Beal v. Iowa State Highway Comm., both supra.

It is evident here that the trial court performed the jury function and not the court's part of the assessment. Why this oversight occurred we are not told, but from here on seldom do we find such a combination of oversights, incorrect assumptions and misinterpretations as are found herein. On April 15, 1952, plaintiffs filed a motion asking the trial court to amend the order to include interest from June 5, 1951, the date they claim their land was appropriated. The same day defendants filed resistance thereto, and still this action did not appear to have sufficiently called the court's attention to the matter to obtain performance of the court's part in the decision. Again we are not advised as to why the court took no action, for no further hearing was required to justify the court's performance of its original duty.

Nevertheless, without the court's further action, defendants on April 24 gave notice of appeal and plaintiffs filed notice of a cross-appeal on April 28.

III. Defendants contend that by such cross-appeal plaintiffs must have acquiesced in an assumption that the interest

question had been decided in the district court adversely to plaintiffs. That does not follow, for clearly both parties understood the trial court had not passed upon the question of interest. As we pointed out, the court could have performed this duty without a hearing. Should it have done so adversely to the plaintiffs, the cross-appeal would seem to have been necessary and proper. Plaintiffs' dilemma was understandable, though perhaps counsel was unduly apprehensive and overeager to protect their clients' interest. Perhaps other defensive actions such as a motion to dismiss defendants' appeal as unauthorized under rule 331, R. C. P., until a final adjudication, would have been better, but we are not convinced their selected procedure resulted in a dismissal of their claim to interest without a judicial determination of their right to it. When we were told by plaintiffs in open court "the question of interest should not be decided by the Supreme Court because there was then pending and undisposed of a motion before the trial court", it was a request that we remand that question to permit the district court to complete its judgment. Defendants did not object to such procedure, and we were satisfied that the trial court should determine the date of appropriation and fix the rate of interest plaintiffs should receive on the award until payment. This would seem to require little more than a mathematical computation. We assumed, upon counsel's statement before us, that plaintiffs' cross-appeal relating to interest was abandoned to permit the lower court to perform its duty, and there was no showing the court did not wish to do so. Correction of such an original oversight should not be held to result in a so-called attempt to split a cause of action. Though originally we did not make it clear, it was our intention and purpose to send the matter back; in effect we did remand the case for further determination on the interest due on the award to the district court.

Because the trial court misinterpreted our opinion as a denial of interest and as denying that court further jurisdiction in the matter, we conclude we should now remand the case and make abundantly clear our desire as to the disposition. The trial court should determine the date possession was acquired by the defendants herein, and award plaintiffs interest from that date at the legal rate of 5% per annum until paid. Section 535.3, Code of

422

1954. As the affirmed award of damages and compensation was raised, only the date of possession is left for determination. The trial court can easily make that determination.

It is true interest was a part of plaintiffs' cause of action, but it is determined separately by the court, not the jury, and such procedure does not split the cause of action nor make it piecemeal. In Lough v. Minneapolis & St. L. R. Co., supra, now overruled, we called the jury and court functions piecemeal assessments and illegal. We now hold it error to do otherwise. It is no doubt true that if this were in fact a "splitting" or piecemeal decision or an appeal from a part of a decision, plaintiffs could not prevail. The cases however cited us by defendant on this question are not in point. Hayes v. Chicago, M. & St. P. Ry. Co., 64 Iowa 753, 755, 19 N.W. 245; Jamison v. Burlington & W. Ry. Co., 87 Iowa 265, 267, 54 N.W. 242. Payment of the damages had been made in those matters, and the cases were correctly held complete, before a demand for interest was made. Here as we have pointed out no settlement has been made, but the oversight regarding interest had been called to the trial court's attention, as well as to ours, and in that regard the case could not be called complete. Proceedings were still under way to determine the question of interest, unless they were denied by our affirmance in the former action, which we have concluded they were not.

As the author of the opinion in the prior proceeding, 244 Iowa 1169, 59 N.W.2d 234, it was never the intention to deny interest on the award nor to uphold any presumed denial of interest thereon by the trial court. We merely concurred in the trial court's findings as to damages, and we were content to have that court complete the judgment or order regarding the interest due plaintiffs as a result of the loss of possession. There was no divided cause of action as such in this proceeding.

IV. Furthermore there was no significance attachable to our refusal to permit a rehearing in the original submission. There had been no action in the interim by the district court as contemplated by our reference on the interest question and there was nothing to reconsider in that regard. It is true plaintiffs did appear to adopt a position in that rehearing petition inconsistent with the position taken in open court. However, we had intended

to remand as suggested by counsel in open court and preferred to let that stand, regardless of counsel's changing attitude. It is our conclusion there was, in a sense, a final adjudication only when the trial court acted as required and directed on the question of interest. As hereinbefore stated, the many assumptions and oversights by counsel as well as the court, due somewhat to the form of awards in condemnation matters, judgments as such not being rendered in drainage cases, should not be construed to deny plaintiffs the interest they would be entitled to under such taking.

It would be unfair, unjust and, we believe, unlawful to deprive the plaintiffs herein of both the land and the use of their money. We have condemned such results since our early cases of Daniels v. C., I. & N. R. Co., 41 Iowa 52, and Hartshorn v. B., C. R. & N. R. Co., 52 Iowa 613, 3 N.W. 648. Also see Hayes v. Chicago, M. & St. P. Ry. Co., supra, 64 Iowa 753, 755, 19 N.W. 245.

This cause is therefore remanded with instructions to the trial court to determine time of possession and the affixing of the legal rate of interest due plaintiffs from that date until payment is made.—Reversed and remanded.

WENNERSTRUM, C. J., and OLIVER, GARFIELD, MULRONEY, and HAYS, JJ., concur.

SMITH, BLISS and THOMPSON, JJ., dissent.

SMITH, J. (dissenting)—I cannot conscientiously concur in the majority opinion. It comes as a surprise, even as a shock, to me to hear a majority of the court say we understood, when the other appeal was decided, that we were remanding the case for further proceedings that might result in a second appeal.

I. I have no clear recollection of just what was said by plaintiffs' attorney in oral argument on that submission. Certainly if it did not mean plaintiffs were abandoning their claim to interest, the appeal should have been dismissed or at least the submission should have been set aside and the case remanded without opinion until a final disposition of the whole controversy was made in the trial court.

Whatever their attorney's exact language was, I understood

the plaintiffs were abandoning their claim to interest. They had cross-appealed because no provision for interest had been made in the trial court's decision. If they intended, by what was said in oral argument, to submit to the trial court the matter of allowance of interest, after decision of the pending appeal, it was a clear change of position by them. Their written brief and argument at that time was based on an assumption interest had been denied, not on any theory that the matter was still pending in the trial court. And that assumption, I submit, was the only one consistent with the language of our opinion on that appeal or even consistent with the fact we wrote any opinion at all on the main appeal without disposing of the cross-appeal.

II. The theory of the majority that the result of their opinion is not to permit a splitting of the cause of action is, I think, unsound and not supported by any authority. The fact the court was performing the function of a jury in addition to ordinary court functions does not seem to justify an appeal before both functions have been performed. Until that happens the decision is not final and should not be considered appealable. To treat it otherwise is to permit splitting of the cause of action.

When plaintiffs cross-appealed before, they, in legal effect, assumed interest had been denied and complained of that fact. We said in the opinion that since they were not seriously pressing that question we were not giving the matter any consideration. That meant to me that they were acquiescing in the denial of interest by the trial court and abandoning the cross-appeal.

III. It can hardly be contended that the claim for interest should not have been made and adjudicated by the trial court in connection with the award of damages. Plaintiffs knew their land had been taken and could have shown that fact as an element of recovery additional to the award of damage.

In Hayes v. Chicago, M. & St. P. Ry. Co., 64 Iowa 753, 755, 19 N.W. 245, it is said: "The question now presented is as to whether this fact [that defendant had taken possession] should have been shown upon that hearing. If it should, it is too late to show it now." The opinion then quotes from Stodghill v. C., B. & Q. R. Co., 53 Iowa, page 346: " 'An adjudication is final and conclusive, not only as to matters actually determined, but as to

every other matter which the parties might have litigated and have had decided.' "

Later the same Hayes opinion says: "Notwithstanding the informal method of procedure, we cannot think that the statute contemplates that the damages in a case like this shall be assessed by piecemeal—a part by a jury, and a part by a court sitting in equity."

In that case the plaintiff was denied interest on the award because he failed to have it included in the award and was attempting to collect it in a later procedure. The decision was based on the fact "he is seeking the adjudication of his case by piecemeal."

This appeal illustrates the wisdom of our rule against "splitting." I think it applies here and should be adhered to. The decision of the lower court should be affirmed.

BLISS and THOMPSON, JJ., join in this dissent.