# CHARLESTON

BALTIMORE & OHIO RAILROAD CO. v. BROWN'S HEIRS.

Submitted March 11, 1914.   Decided April 21, 1914.

1. EMINENT DOMAIN—*Assessment of Damages—Payment into Court.*
    Where compensation assessed by a jury in condemnation proceedings does not exceed the amount paid into court, the applicant is, under §21, ch. 42, Code 1913, entitled to the excess without diminution for interest, costs or commission.   (p. 150).

2. SAME—*Assessment by Jury—Payment Into Court—Right to Costs.*
    Under such circumstances, the applicant can not recover costs,

unless it has stated in the application an amount equal to or in excess of that found by the jury. §24, ch. 52, Code. (p. 150).

3. SAME.

Section 25, ch. 42, Code, does not, under the circumstances stated in the first point of the syllabus, authorize judgment for costs against the applicant. (p. 150).

Appeal from Circuit Court, Preston County.

Action by the Baltimore & Ohio Railroad Company against John W. Brown's Heirs and others. Judgment for defendants, and plaintiff appeals.

*Reversed and Remanded.*

*P. J. Crogan* and *F. E. Parrack,* for plaintiff in error.

LYNCH, JUDGE:

Under proceedings to condemn, the applicant paid into court the amount assessed by commissioners, and entered upon the land appropriated. The applicant and the defendants excepted to the assessment, and demanded an inquiry by a jury. The trial resulted in a substantial decrease in the compensation first assessed. The company assigns as erroneous the award of interest, in the judgment, on the amount of damages ascertained by the jury, the costs of the jury, and commissions to be paid out of the funds under the control of the court.

We think the judgment is clearly erroneous, under §21, ch. 42, Code 1913. In effect, it requires payment of interest only where the sum ascertained by a jury exceeds the sum paid into court; "but if what was so paid *exceed* the sum ascertained by such subsequent report or verdict, the excess shall be paid back to the applicant out of the fund in court, or by the person to whom the same shall have been paid"; thus clearly intending the applicant to have the excess refunded to it, without depletion by interest, commissions or costs. That costs are not, under the circumstances of this case, a proper charge against the fund, is obvious from the provision that "if the sum ascertained by such subsequent report or verdict do not exceed the sum ascertained by the former report, the party on whose motion the former report was set aside     *     *     or trial by jury demanded, if he be a

defendant therein, shall pay the costs occasioned by such motion'', provided the only ground of the motion was the insufficiency of compensation. The section, considered in its entirety, can not be construed as warranting judgment for costs against the applicant. But, having failed to state in the application a sum of money equal to or in excess of that found by the jury, the applicant is not entitled to costs, under §24, ch. 42. Nor is the award of costs, under the circumstances of this case, allowable by virtue of §25 of the same chapter. To so construe this section would negative the provision of the preceding section.

Under the rule announced in *Halstead* v. *Horton,* 38 W. Va. 727, *Gregory* v. *Railroad Co.,* 37 W. Va. 606, and *State* v. *Henaghan,* 73 W. Va. 706, we do not discuss the admissability of evidence relating to the adaptability of defendants' lands for division into lots, further than to say that the use for which lands are available and readily adaptable may always be proved in condemnation proceedings. Whether the aggregate valuation on the several subdivisions of which lands are susceptible, according to estimates made by witnesses, is proper for the consideration of a jury, in connection with various indefinite estimates likewise made of costs and expenses deemed necessary to render the subdivisions marketable, is a question not decided, because not presented in the manner required by the cases cited.

We therefore enter here the judgment the circuit court should have entered, according to the principles herein announced, and remand the case for further proceedings, as required by §23, ch. 42, Code 1913.

*Reversed and Remanded.*