MINNIE SPOTTS BEAL et al., Appellees, v. IOWA STATE HIGHWAY COMMISSION, Appellants.

No. 40051.

APRIL 14, 1930.

*John Fletcher*, Attorney-general, *Gerald O. Blake*, Assistant Attorney-general, and *J. R. Murphy*, for appellants.

*Campbell & Campbell* and *Snell Bros.*, for appellees.

DE GRAFF, J.—The only question presented on this appeal is whether the damages found and determined by a trial jury upon an appeal from a condemnation award should bear interest at the legal rate.

Pursuant to statutory provisions with reference to the condemnation of a right of way through a farm owned by appellees herein, appraisers were appointed, and an award was made in the sum of $10,607.50. This amount was deposited with the sheriff of Ida County, whereupon the state highway commission took possession of the land, on May 18, 1928. Subsequently, and on May 24, 1928, the appellees appealed from the award of the appraisers to the district court of Iowa in and for Ida County. On February 19, 1929, trial was had, and the jury returned a verdict in favor of the appellees in the sum of $12,933.50. Motion for new trial was overruled, and on March 14, 1929, the trial court ordered that the amount of damages in favor of the plaintiff-appellees occasioned by the road project in question is the sum of $12,933.50, which was entered of record, with interest thereon at the rate of 6 per cent per annum from May 18, 1928, and that attorney fees in favor of attorneys for plaintiffs (appellees) shall be taxed as part of the costs; and said fees were so taxed in a sum fixed by the court.

It may be well to refer briefly to certain statutory provisions bearing on this matter. First, the condemnor highway commission could take possession of the land when, and only when, a deposit of the appraised value had been deposited by the condemnor with the sheriff of Ida County. Section 7844, Code, 1927. Second, an acceptance by the owner of the damages awarded by the commissioners bars the right of appeal of the landowner, and if appeal has already been taken, said acceptance of either cash or security abates the appeal. Section 7848, Code, 1927. The only purpose of the statutory deposit with the sheriff is to obtain the immediate right of possession by the con-

demnor. *Noble v. Des Moines & St. L. R. Co.*, 61 Iowa 637. With these premises in mind, the question arises, under appellant's contention, "May the court add interest to the verdict?" The rule of *stare decisis* may be here applied, and there is little occasion to resort to logic in the analysis of the facts.

"Where the landowner is kept out of both the use of the money and the use of the land, he is entitled to what would be equivalent to six per cent interest upon the money." *Hayes v. Chicago, M. & St. P. R. Co.*, 64 Iowa 753.

See, also, *Daniels v. C., I. & N. R. Co.*, 41 Iowa 52; *Hartshorn v. B., C. R. & N. R. Co.*, 52 Iowa 613. It is obvious that the plaintiff landowner was benefited in no way until the final determination of this case. He could not draw the money from the sheriff's hands, or any part of it. He was prevented by his appeal. The sheriff cannot, after having been served with notice of appeal by the landowner, pay to the latter any deposit of damages held by him (sheriff), but must hold the same until the appeal is finally determined. Section 7847, Code, 1927.

There is no necessity, as a matter of law or fact, that the condemnor should deposit the amount of the award made by the appraisers, except for one reason, and that is to obtain possession of the land prior to the final decision on the quantum of damages suffered by the landowner. In other words, if the condemnor desires to take possession of the land pending an appeal, the condemnor must suffer the loss of interest held on deposit, for the reason that the condemnor then has the use of the property condemned. The trial court correctly instructed the jury on the rule or measure of damages: that is to say, the difference in the fair, reasonable market value in that community of the whole of said farm as it was immediately before the taking of such tract for primary highway purposes on May 18, 1928, and the fair, reasonable market value of plaintiffs' farm immediately thereafter, without considering the benefits, if any, derived from the construction of the primary highway upon such tract. The trial jury did award more damages to the plaintiffs than did the sheriff's jury,—to wit, an excess of $2,326. In *Hartshorn v. B., C. R. & N. R. Co.*, 52 Iowa 613, it is said:

"Where possession is taken of the property, and the damages are not paid because of the failure of the sheriff's jury to assess

sufficient damages, it seems to us to be proper that interest should be allowed upon the damages finally recovered, if they are in excess of those awarded by the sheriff's jury."

The trial court in the case at bar did instruct the jury not to take into consideration the matter of interest, and it is presumed that the jury obeyed this instruction, and "that interest was not computed or included in the verdict." *Hollingsworth v. Des Moines & St. L. R. Co.*, 63 Iowa 443. See, also, *Myers v. Munson*, 65 Iowa 423; *Lough v. Minneapolis & St. L. R. Co.*, 116 Iowa 31; *Guinn v. Iowa & St. L. R. Co.*, 131 Iowa 680; *Chamberlain v. City of Des Moines*, 172 Iowa 500; *Reed v. Chicago, M. & St. P. R. Co.*, 25 Fed. 886.

The amount of interest to be paid is merely a matter of computation. The time of taking possession is definitely shown in the instant case, as well as the date of the verdict by the trial jury. The trial court, therefore, "under our more recent decisions, was authorized to compute the interest and add it to the verdict." *Chamberlain v. City of Des Moines*, supra. It is true that, after a full adjudication of the matter, a plaintiff may not maintain an original action for the interest. *Jamison v. Burlington & Western R. Co.*, 87 Iowa 265.

In the light of our own decisions, and under the instant record, the trial court did not err in the allowance of interest to the plaintiffs from the date of the taking possession of the land by the state highway commission.—*Affirmed.*

MORLING, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.