ETHEL R. HAYES, Individually and as Guardian, et al., Appellants, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY et al., Trustees, Appellees.

No. 47161.

(Reported in 30 N. W. 2d 743)

FEBRUARY 10, 1948.

Ralph H. Munro, of Fairfield, for appellants.

Booker Smith, of Fairfield, and R. L. Read and A. B. Howland, both of Des Moines, for appellees.

GARFIELD, J.—Plaintiffs own a farm of two hundred and fifty-seven acres in Jefferson county through which ran a line of defendant railroad. (We disregard the fact trustees of the railroad are also defendants.) In relocating a portion of this line defendant, proceeding under chapters 365, 366, Code, 1939 (471, 472, Code, 1946), condemned for new right of way a strip of about eleven acres through plaintiffs' farm. Upon completion of the improvement the old right of way was to be abandoned.

On October 23, 1943, a sheriff's jury awarded plaintiffs $4,584.16. Plaintiffs appealed to the district court from this award. Before the appeal was tried defendant served on plaintiffs an offer to confess judgment, which was not accepted, for one cent less than said award. Trial of the appeal resulted in verdict and judgment for plaintiffs for $4,010 from which they have appealed to us.

I. Plaintiffs' witness Kane, their tenant on the farm, testified to the value of the farm as a whole before and after the condemnation. On redirect examination he described the dwelling house on the farm, built about four years before the condemnation, shortly before Kane moved there. Plaintiffs then asked the witness what in his judgment would be the value of the house in the fall of 1943. Defendant's objection that this was an improper attempt to put a separate valuation on the house was sustained. The ruling is assigned as error.

There is no showing what the answer would have been if one had been permitted. It was not shown the witness knew or had an opinion as to the value of the house. So far as

appears, he might have answered he did not know. No offer of proof was made. No foundation was laid for this assignment of error. In re Estate of Heller, 233 Iowa 1356, 1362, 11 N. W. 2d 586, 590, and citations; Reynolds & Heitsman v. Henry, 193 Iowa 164, 169, 185 N. W. 67, and citations.

Aside from the above, we are not inclined to hold the ruling was reversible error.

There is some lack of harmony in the decisions as to the owner's right in cases of this kind to show the separate value of improvements upon the property. In Ranck v. City of Cedar Rapids, 134 Iowa 563, 566, 111 N. W. 1027, we observed it has been held proper for the owner to prove the cost and value of the house and other improvements on the premises, not as an independent item of damage but as explaining and supporting the estimates of value of the entire property. In Randell v. Iowa State Highway Comm., 214 Iowa 1, 10, 241 N. W. 685, largely on the authority of the Ranck opinion, the observation is repeated in discussing the admissibility of evidence as to cost of a fence. See, also, United States v. Becktold Co., 8 Cir., Mo., 129 F. 2d 473, 478, and citations.

The Ranck case recognizes that the latitude allowed in admitting testimony of collateral facts in support of estimates of value must be left largely to the discretion of the presiding judge and we will not undertake to fix the limits of such discretion. The admission of such testimony was there held not to be an abuse of discretion.

The Ranck case involved the condemnation of an entire property consisting of a city lot improved for business purposes. The sole ultimate question was the value of the entire property at the time of the condemnation and not, as here, the difference in such value immediately before and after the condemnation. It is apparent the value of the improvement in the cited case had a much more direct bearing on the measure of recovery than would the value of the dwelling here.

In Welton v. Iowa State Highway Comm., 211 Iowa 625, 632, 233 N. W. 876, where a highway was condemned through a farm, it was held reversible error to permit the owner to show the separate value of different parcels of the farm. It

was emphasized that an owner in such a case may not place a piecemeal valuation on different portions of his farm although the value of separate parcels may be shown on cross-examination of value witnesses. As bearing on this right of the cross-examiner see also Dean v. State, 211 Iowa 143, 151, 233 N. W. 36, which also recognizes that on direct examination value witnesses may express an opinion only as to the value of the entire farm.

There is much authority that in cases like this, on direct examination of value witnesses, ordinarily the market value of the land together with the improvements, taken as a whole and not separately, is to be shown—the value of the improvements apart from the land may not be thus shown. See 2 Lewis on Eminent Domain, Third Ed., 1144, section 664(444); id. 1269, 1270, section 726(486); 18 Am. Jur., Eminent Domain, 892, section 253; id. section 346; 29 C. J. S., Eminent Domain, 1268, section 273; McSorley v. School District, 291 Pa. 252, 139 A. 848, 849, and citations; City of Los Angeles v. Klinker, 219 Cal. 198, 25 P. 2d 826, 90 A. L. R. 148, 158, and annotation 159, 165; Forest Preserve District v. Chilvers, 344 Ill. 573, 176 N. E. 720, 722; Devou v. City of Cincinnati, 6 Cir., Ohio, 162 F. 633.

While, as stated, the ruling under consideration was made during the redirect examination of the witness, there was nothing in the cross-examination which opened the door to the inquiry as to the separate value of the house. The question was in effect further direct examination.

We are content to hold here, without further consideration of the authorities, that the ruling complained of presents no abuse of discretion.

We may observe further that plaintiffs appear to have suffered little if any prejudice from this ruling. No part of the house was directly taken. The condemnation involved only a relocation of the railroad right of way through the farm. The dwelling was fully described as to age, kind of material, number of rooms and modern conveniences. A photograph of it was in evidence. The jury was sent to view the premises, doubtless saw the house, perhaps went through it, and observed its location with reference to the other buildings and the rail-

road right of way. It is not probable an estimate of the value of the house by the tenant, not shown to have any special qualifications for valuing it, would have materially affected the verdict.

II. On cross-examination of one of defendant's value witnesses, plaintiffs' counsel asked if he did not know this farm sold in March 1914, for $31,500. While defendant's counsel was attempting to object to the question, the witness answered, "I do not know it." The objection was then made and sustained that the time of the sale was too remote from the time in issue here.

█ Perhaps a sufficient response to plaintiffs' complaint against this ruling is that since no motion was made to strike the witness' answer, it remained part of the record. Langner v. Caviness, 238 Iowa 774, 782, 28 N. W. 2d 421, 425; State v. Rowe, 238 Iowa 237, 244, 245, 26 N. W. 2d 422, 426, and citations.

█ However, we think the ruling presents no abuse of discretion. The scope of cross-examination of value witnesses is largely within the discretion of the trial court although considerable latitude is usually allowed. 32 C. J. S., Evidence, section 560a(2). The rule is that the price paid for the property may not be shown where the purchase is so remote from the time of condemnation as to have no bearing on its value at that time. Orgel on Valuation Under Eminent Domain (1936) 454, 455, section 134; 2 Lewis on Eminent Domain, Third Ed., 1144, 1145, section 664(444); 2 Nichols on Eminent Domain, Second Ed., 1191, 1192, section 454; 18 Am. Jur., Eminent Domain, section 351, stating the determination of whether the purchase is too remote rests largely in the trial court's discretion; 29 C. J. S., Eminent Domain, 1267, section 273. Under these authorities the court was justified in ruling that evidence of the amount paid for this farm nearly thirty years earlier is too remote from the time of the condemnation to warrant its admission.

III. Finally, plaintiffs complain they were not allowed interest on the amount of the verdict from the time of the taking until the date of final judgment.

■ Perhaps we might disregard this complaint on the ground plaintiffs' claim to interest on the amount of the verdict seems not to have been called to the trial court's attention. Nor are we able to find when defendant took possession unless we may infer it was when it paid the amount of the award to the sheriff. Any interest which might be due should be computed from the time of taking possession. Welton v. Iowa State Highway Comm., supra, 211 Iowa 625, 639, 233 N. W. 876; Hayes v. Chicago, M. & St. P. Ry. Co., 64 Iowa 753, 756, 19 N. W. 245.

■ However, we find no merit in plaintiffs' contention. It seems to be conceded that on November 29, 1943, defendant deposited with the sheriff $4,584.16, the amount awarded plaintiff on October 23, 1943, by the sheriff's jury. This entitled defendant "to take possession of the land condemned and proceed with the improvement." Section 472.25, Code, 1946 (7844, Code, 1939); Beal v. Iowa State Highway Comm., 209 Iowa 1308. 230 N. W. 302. Plaintiffs' acceptance of the deposit would have barred their right of appeal. Code section 472.29. The only reason this award was not paid plaintiffs is the pendency of the appeal taken by them. Since the district court jury found the appeal without merit and allowed $574 less than did the sheriff's jury, plaintiffs are not entitled to interest on the amount of the verdict.

In Welton v. Iowa State Highway Comm., supra, we say:

"The correct method to be followed is for the jury to ascertain the amount of plaintiff's damages, and *if this amount is larger than the condemnation award*, the court can add the interest from the date of the taking. Beal v. Iowa State Highway Comm., 209 Iowa 1308. To submit the question of interest would be an assumption on the part of the court that the jury would find a larger amount than had been allowed by the condemnation jury." (Italics added.)

In Hartshorn v. B., C. R. & N. R. Co., 52 Iowa 613, 617, 3 N. W. 648, 652, it is said, "* * * interest should be allowed upon the damages finally recovered, if they are in excess of those awarded by the sheriff's jury."

156

The right to interest on condemnation awards is fully considered in annotation 96 A. L. R. 18, 159–161, 202–206. A number of decisions from other jurisdictions are there cited which deny the owner's right to interest where the amount of the award is deposited by the condemnor and *the owner's* appeal results in recovery of a lesser amount. However, as stated in the annotation, interest is usually allowed when recovery upon appeal exceeds the original award (Beal v. Iowa State Highway Comm., supra, 209 Iowa 1308, 230 N. W. 302) or where the appeal is by the condemnor, even though it may result in a smaller recovery. (Noble v. Des Moines & St. Louis Ry. Co., 61 Iowa 637, 17 N. W. 26.) The Noble case is not in conflict with our conclusion here since there it was the condemnor who deprived the owner of the use of the money by taking its appeal.

Our views on the allowance of interest find further support in 29 C. J. S., Eminent Domain, 1055, section 176a; 2 Lewis on Eminent Domain, Third Ed., 1322, section 742(499).

The above conclusion makes it unnecessary to consider the effect of defendant's offer to confess judgment upon plaintiffs' right to interest. As having some bearing on such question, see Draker v. Iowa Elec. Co., 191 Iowa 1376, 1385, 182 N. W. 896.—Affirmed.

MULRONEY, C. J., and OLIVER, BLISS, HALE, MANTZ, SMITH, and HAYS, JJ., concur.