STRANGE BROS. HIDE Co., a corporation, appellee, v. IOWA STATE HIGHWAY COMMISSION et al., appellants.

No. 49573.

(Reported in 93 N.W.2d 99)

NOVEMBER 18, 1958.

SUPPLEMENTAL OPINION JANUARY 13, 1959.

Norman A. Erbe, Attorney General, of Des Moines, C. J. Lyman, Special Assistant Attorney General, Daniel T. Flores, Trial Counsel, and John L. McKinney, General Counsel, all of Ames, for Iowa State Highway Commission, appellant.

Robert B. Pike, of Sioux City, for appellee.

PETERSON, J.—November 13, 1956, the Iowa Highway Commission filed with the sheriff of Woodbury County an application for appointment of a commission to appraise damages as to certain parcels of land in Sioux City. December 21, 1956, the commission returned an award of $208,500 in favor of appellee as to its tract. The award was deposited with the sheriff on January 10, 1957, and appellant took immediate possession of the property. January 11, 1957, Highway Commission filed an appeal to the District Court as to the amount of the award.

Two other condemnations had been made with reference to abutting tracts of property. The tracts were smaller and awards of $13,667 and $28,397 respectively were made to the owners. The Highway Commission also appealed as to these awards.

On January 17, 1957, appellee filed cross-appeal as to the award in the case at bar. The other two property owners also filed appeals.

January 14, 1958, by order of court, the three cases were consolidated for trial. The jury returned three separate verdicts.

In the case at bar the jury returned a verdict of $187,321; $21,179 less than the award. The awards were increased in the other two verdicts; one from $28,397 to $40,632 and the other from $13,667 to $15,960.

February 5, 1958, the trial court filed its record of the trial, verdicts and judgments in the three cases. The judgments were for the respective amounts above-stated, together with interest at statutory rate from January 10, 1957, and costs. March 14, 1958, the Highway Commission paid the full amount of the judgments with interest and costs in the two actions consolidated with this action. In this action the commission paid the principal sum of $187,321, but did not pay the interest computed in the amount of $11,031.23, and did not pay the costs amounting to $303.57.

The Highway Commission filed appeal as to the items of interest and costs. Whether or not appellant should pay these items is the only question in the case.

I. The contention of appellant is that since appellee also appealed, and secured a less amount through the verdict of the jury than the award of the commission, no interest should be paid on appellee's verdict.

■ If landowner alone appeals and the verdict of the jury is less than the award then the condemnor should not pay interest on the award. The theory is the condemnee created the situation, failed, and should not be rewarded with interest. Beal v. Iowa State Highway Comm., 209 Iowa 1308, 230 N.W. 302; Hayes v. Chicago, R. I. & P. Ry. Co., 239 Iowa 149, 30 N.W.2d 743; Harris v. Green Bay Levee and Drainage District, 246 Iowa 416, 68 N.W.2d 69.

When the condemnor appeals, interest should be allowed from the date condemnor takes possession of the property, whether the verdict is larger or smaller than the award. Noble v. Des Moines & St. L. Ry. Co., 61 Iowa 637, 17 N.W. 26; Chamberlain v. Des Moines, 172 Iowa 500, 154 N.W. 766; Gibson v. Des Moines, 156 N.W. 374; Hartshorn v. Burlington, C. R. & N. R. Co., 52 Iowa 613, 3 N.W. 648; Langdon v. Loup River Public Power Dist., 144 Neb. 325, 13 N.W.2d 168; Hollingsworth v. Des Moines & St. L. R. Co., 63 Iowa 443, 19 N.W. 325; Hayes v. Chicago, R. I. & P. Ry. Co., supra; 96 A. L. R. 18, 150, 159–161, 202, 203; 29 C. J. S., Eminent Domain, section 176a.

This doctrine is based on the premise that the condemnor secured possession of landowner's property immediately after the condemnation, and by reason of its appeal prevented condemnee from securing use of the award until after the case was tried in the District Court. Section 472.28, 1958 Iowa Code. In the case at bar the Highway Commission took possession of the property on January 10, 1957. The condemnee did not get its money until March 14, 1958. Before the trial of the case the Highway Commission had practically completed the extensive interchange highway project which was built on the property in the three cases. By Highway Commission action appellee lost the use and possession of its property on January 10, 1957, and lost the use of its money for more than fourteen months.

In case of Noble v. Des Moines & St. L. Ry. Co., supra, the award was $1500. Upon trial of the case the jury rendered a verdict for $1300 plus the interest. Although the amount was less, the court said at page 640 of 61 Iowa: "But the plaintiff, while deprived of his land, was obliged to lie out of the use of all money awarded, and follow the appeal in order to get anything. * * * It appears to us that plaintiff's damage, estimated at the time of the verdict, had two elements in it—the injury sustained originally, and the delay in making compensation; and the latter is to be measured by the amount of interest which the original sum due would have borne during the time of delay."

In Harris v. Green Bay Levee and Drainage District, supra, we said (pages 421 and 423 of 246 Iowa): "The trial court should determine the date possession was acquired by the

defendants herein, and award plaintiffs interest from that date at the legal rate of 5% per annum until paid. * * * It would be unfair, unjust and, we believe, unlawful to deprive the plaintiffs herein of both the land and the use of their money. We have condemned such results since our early cases of Daniels v. C., I. & N. R. Co., 41 Iowa 52, and Hartshorn v. B., C. R. & N. R. Co. [supra]."

96 A. L. R. 150 states, in general terms: "In the great majority of the jurisdictions interest is allowed as part of the damages or compensation to which one whose property has been taken under the power of eminent domain is entitled as part of the just compensation required by the Constitution."

In Hayes v. Chicago, R. I. & P. Ry. Co., supra, we said at page 156 of 239 Iowa: "* * * interest is usually allowed when recovery upon appeal exceeds the original award * * * or where the appeal is by the condemnor, even though it may result in a smaller recovery."

▇ Appellant does not challenge the above decisions, but contends this case is different because the landowner cross-appealed. Appellant filed its notice of appeal on January 11, 1957. Appellee perfected its appeal on January 17. This is a new question before this court. Appellant cites only one case in support of its position. Baltimore & O. R. Co. v. Brown's Heirs, 74 W. Va. 149, 81 S.E. 731. In that case both parties appealed and the court held the condemnee was not entitled to interest. The decision was rendered in 1914. We cannot accept this old, out-of-state decision as a basis for reversing the case at bar.

Our position is that since the Highway Commission appealed first, this alone prevented the landowner from securing its money from the sheriff for a period of fourteen months. Appellee's cross-appeal does not destroy the effect of appellant's appeal. If appellee had not cross-appealed the money would still be impounded, awaiting trial. As to the question of interest the later cross-appeal of the landowner is of no significance. The ruling of the trial court as to interest was correct.

▇ We should give consideration to section 472.24, 1958 Iowa Code: "If the amount of damages awarded by the commissioners is decreased on the trial of the appeal, the reduced

amount only shall be paid to the landowner." Appellant contends this section has some bearing upon the question of interest. This was section 1259 in the 1873 Code and interpretation of the statute was made in Noble v. Des Moines & St. L. Ry. Co., supra (page 640 of 61 Iowa), in the following language: "The defendant's theory is that, under this statute, damages are to be measured only by the original injury, and that nothing is to be allowed for delay in making compensation. But in our opinion the statute has no bearing upon such question. The verdict properly should be for a gross sum, and whatever that is should be paid out of the deposit, and only that."

We approve this early decision and hold the statutory provision has reference to the amount of the verdict only, and does not involve interest on delayed payment to the landowner.

II. Section 472.33, 1958 Iowa Code, refers to costs in condemnation cases. The section provides: "The applicant shall pay all costs of the assessment made by the commissioners. The applicant shall also pay all costs occasioned by the appeal * * * unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken."

Situations arise in condemnation cases where costs should be apportioned. Such apportionment depends on the circumstances of each case.

We find a different situation in the instant case from that in the ordinary condemnation trial because of the consolidation of three cases for trial.

The trial court rendered judgment against the Highway Commission for all costs in this case amounting to $303.57. Some of the costs taxed in this case pertained to matters equally effective as to the two companion cases consolidated with this case for trial. The witnesses were the same as to all three cases and yet all witness fees amounting to $153.61 were taxed in the case at bar. Other items of costs applied to all three cases. The Highway Commission paid the costs which were taxed in the other two cases in amounts of approximately $50 in one case and $60 in the other case. From an examination of the statement of costs appearing in the record it would appear that $85.96 pertain specifically to this case. Deducting this from

the total costs leaves $217.61, which pertain to all three cases and should be equally divided as between the three cases. One third of the amount should be allocated to this case. Adding $85.96 to $72.54, one third of the common costs, totals $158.50, which should be taxed to appellee by reason of decreased verdict. The balance of $145.07 pertains to the other two cases and should be taxed to appellant. The cost judgment should be revised accordingly by the trial court.

We have considered the question of apportionment of costs in two cases. Jones and Price v. Mahaska County Coal Co., 47 Iowa 35, 41; Noble v. Des Moines & St. L. Ry. Co., supra.

In Jones and Price v. Mahaska County Coal Co., supra, the coal company condemned a right of way for a spur track. The company appealed from the commissioners' award. The District Court verdict was less than the award. The statutory provision with reference to costs has not been changed in substance since this case was submitted. The court said: "But the court is not under obligation to tax all the costs to the landowner. In such case the court is at liberty to make a proper distribution of the costs, under the general rules of law. If the landowner has appealed and recovered less than was awarded by the commissioners, the court may tax to him the costs of the appeal. Upon the other hand, if the corporation has appealed, the statute does not exonerate it from the payment of the costs."

The subject was discussed in Noble v. Des Moines & St. L. Ry. Co., supra (pages 640, 641 of 61 Iowa), in following language:

"We come next to the question of costs. They were all taxed to the defendant, and it complains of the action of the court in this respect. The costs of the first assessment are to be paid by the company. Code, § 1252. The same section provides that the company shall also pay the costs of the appeal, unless the damages allowed on appeal are less than the damages first allowed. In the case at bar they are less. Under the clear implication of the statute it appears to us that they are not all to be paid by the company.

"If either party had made an offer, such fact might control the question of costs. But it does not appear that either party

made an offer. We must assume, then, we think, that the claims of neither were fully sustained, and, such being the case, we regard it as a proper one for the apportionment of costs."

The judgment of the trial court for interest in the amount of $11,031.23 as against appellant herein is affirmed. The decision of the trial court as to court costs is modified and affirmed.

In view of modification one fifth of costs in this court are taxed to appellee; four fifths to appellant.—Modified and affirmed.

All JUSTICES concur.

### SUPPLEMENTAL OPINION

Since we have affirmed the judgment of the trial court of February 5, 1958, for $198,352.23, principal and interest, and the Highway Commission only paid $187,321, the balance owing on the judgment is $11,031.23, together with interest on said amount in the sum of $432, which defendant shall pay promptly.