SAC COUNTY GOLF & COUNTRY CLUB, Appellant,

United States of America, Intervenor-Appellant,

v.

IOWA DEPARTMENT OF TRANSPORTATION, Appellee.

No. 59824.

Supreme Court of Iowa.

Feb. 22, 1978.

Rehearing Denied March 16, 1978.

McCullough Law Firm, P. C., Sac City, for appellant.

Alan H. Kirshen, Asst. U. S. Atty., for intervenor-appellant.

Richard C. Turner, Atty. Gen., Asher E. Schroeder, Sp. Asst. Atty. Gen., and Franklin W. Sauer, Asst. Atty. Gen., for appellee.

Heard by MOORE, C. J., and MASON, REES, REYNOLDSON and McCORMICK, JJ.

REES, Justice.

This matter involves appeals taken by both the plaintiff, Sac County Golf & Country Club, and the intervenor, United States of America, from an order of the trial court denying their application for injunctive relief, in which both the plaintiff and the intervenor joined, and in which they sought an injunction of all highway construction in the State of Iowa by the State Highway Commission until interest had been paid upon the condemnation award. The trial court denied the application for injunctive relief, holding that the prayer of the application for the assessment of interest upon the award of the jury, sought by plaintiff and intervenor, should be denied. We reverse and remand for further proceedings.

In 1972 the Iowa State Highway Commission, the predecessor of the present Iowa Department of Transportation, instituted condemnation proceedings against certain property owned by the plaintiff, Sac County Golf & Country Club, which was encumbered by a mortgage running to the Farmers Home Administration, an agency of the intervenor. The condemnation commission made an award of $30,371, which was appealed to the district court by both plaintiff and intervenor, resulting in a jury verdict increasing the award to $38,250. Irrespective of the provisions of § 472.23, The Code, which provides that no judgment shall be rendered except for costs in condemnation matters, the clerk proceeded to enter judgment in favor of the plaintiff and against the defendant. The defendant Commission served notice of appeal to this court, but due to a combination of circumstances the appeal was dismissed by this court for want of prosecution. While the record discloses the Commission failed to prosecute its appeal in part because the court reporter who had reported the appeal proceedings in the Sac County District Court had been dismissed from his employment and had disappeared from the scene with his reporter's notes, making it virtually impossible for the Commission to obtain a transcript of the testimony, the Highway Commission contended the dismissal of its appeal resulted in part from its adherence to a claimed settlement agreement discussed between the parties.

A portion of the judgment, namely, the sum of $32,150 was deposited with the sheriff pending resolution of the competing claims to the money by the plaintiff landowner and intervenor mortgagee. On September 18, 1975 the plaintiff and the intervenor filed their application seeking to have the money disbursed to them jointly so it could be invested in interest-bearing certificates of deposit until their competing claims could be resolved. On the same date, the trial court entered its order approving the application and directing the disbursement of the deposited funds. The defendant Highway Commission chooses to treat this circumstance as a "satisfaction of judgment".

The record indicates the defendant's appeal of the trial court jury award was dismissed by this court on July 22, 1975. On October 10, 1975 the plaintiff landowner and the government agency holding the mortgage instituted the present action designating it as "application for injunctive relief upon judgment", asking that the defendant Commission be required to pay interest on the award, which they contended amounted to $7,221.84 computed to August 14, 1975, with interest accruing at the rate of $1.40 per day thereafter.

To said application, the defendant Highway Commission filed a special appearance, contending among other things that the trial court had lost jurisdiction to award interest because of the dismissal of the previous appeal, and also claiming the parties had reached a settlement which provided for no interest on the principal amount of

the award. Both the plaintiff and the mortgage-holder contend they rejected the Highway Commission's proposal to settle the matter without the payment of interest.

The trial court did not rule on the special appearance, but proceeded to a hearing on the merits, and later, on March 1, 1976, denied the plaintiff's application for injunctive relief, holding that the special appearance of the defendant was moot. The trial court failed to explain the basis for its ruling, and on March 8, 1976 the intervenor filed a motion to amplify the record. On August 17, 1976, the court filed its ruling in response to the application for amplification of record, in which it found settlement negotiations had been undertaken between the parties and that the forgoing of interest by plaintiff and intervenor had been one of the several topics discussed, and that the Highway Commission had adhered to its side of the negotiations. The court found it would therefore be manifestly unjust to permit the assessment of interest. No testimony was taken at the hearing on the application, and notably the court did not expressly find the negotiations for settlement had ripened into an actual agreement.

From the court's ruling of August 17, 1976, both plaintiff and intervenor have appealed. Defendant Highway Commission filed its motion to dismiss the appeals on the grounds that they should have been taken from the ruling of March 1st, and that the intervenor's motion to amplify the record was not a motion filed pursuant to rule 179(b), Rules of Civil Procedure, which would extend the time for filing a notice of appeal under the provisions of rule 335(a), R.C.P. This court, however, overruled the motion to dismiss the appeals, and found that the motion to amplify had been timely filed and observed that the motion to amplify the record was in effect a motion to enlarge findings and conclusions pursuant to rule 179(b), R.C.P.

While both the plaintiff landowner and the intervenor mortgagee state certain issues for review, we conclude there is only one issue before us for determination, namely, whether the trial court erred in denying the application for the assessment of interest on the award of the petit jury. We therefore proceed to a determination of this question.

■ I. This is an equitable matter, and our review is de novo. From our de novo review of the record, we are unable to find support for the trial court's conclusion that the plaintiff Sac County Golf & Country Club and the United States of America representing the mortgagee had entered into any agreement for the forgoing of interest on the award of the jury in the condemnation appeal.

No evidence was taken at the hearing, and the trial court obviously based its conclusion upon certain statements and representations of counsel for the Highway Commission. The pleading of the Highway Commission in which it asserted the existence of an agreement for the forgoing of interest was controverted by the plaintiff and the intervenor by appropriate answers, putting the Highway Commission on its proof of the affirmative allegations of its pleading. The record clearly indicates to us the Commission did not carry its burden in this regard. See Rules of Appellate Procedure, rule 14(f)(5).

■ II. But for the negotiation which the Highway Commission asserted resulted in a settlement of the plaintiff's and intervenor's claim for interest, the parties seem to be in agreement that interest should be allowed on awards in condemnation appeals from the date of taking of the subject property. See *Iowa Development Company v. Iowa State Highway Commission*, 252 Iowa 978, 993, 108 N.W.2d 487, 496; *Strange Bros. Hide Co. v. Iowa State Highway Commission*, 250 Iowa 450, 452–453, 93 N.W.2d 99, 100–101. The parties were correct in agreeing on this facet of the matter before us; the plaintiff landowner and intervenor mortgagee were, obviously, entitled to the payment of interest on the award. The defendant's contention otherwise is without merit.

We therefore conclude the trial court erred in refusing to order the assessment of

interest to the plaintiff and intervenor on the verdict of the jury on appeal of the condemnation award. We therefore reverse the trial court and remand this case to the district court for the entry of such orders and decrees as may be necessary to carry out and effectuate the conclusion reached in this opinion.

REVERSED AND REMANDED.