**CITY OF SAC CITY,**
**Plaintiff-Appellee/Cross-Appellant,**

v.

**Lawrence BENTSEN,**
**Defendant-Appellant/Cross-Appellee.**

**No. 2–67697.**

Court of Appeals of Iowa.

Nov. 29, 1982.

Gary L. McMinimee of Wunschel, Eich & McMinimee, P.C., Carroll, for defendant-appellant.

Colin J. McCullough of McCullough Law Firm, P.C., Sac City, for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, and JOHNSON, JJ.

DONIELSON, Judge.

Defendant-condemnee appeals from the trial court's ruling granting plaintiff's motion for summary judgment in an action to recover interest paid on a condemnation award. On appeal, he contends (1) that, as a matter of due process, he was entitled to interest on the condemnation award which was reduced on appeal; (2) that he was entitled to the interest actually earned on the condemnation award which was deposited in a bank account pending disposition of the appeal; (3) that the court erred in awarding plaintiff-condemnor back interest paid on the condemnation award as a result of a mistake of law; (4) that plaintiff-condemnor is an inappropriate party to recover any interest; and (5) that there existed a factual issue regarding whether plaintiff

was estopped from seeking recovery of the back interest on the condemnation award. The plaintiff cross-appeals, asserting that it was entitled to interest on its judgment. We find that, in part, the law was incorrectly applied. We thus affirm in part and reverse in part.

The scope of review on an appeal from the grant or denial of summary judgment motions was set forth in *Millwright v. Romer*, 322 N.W.2d 30, 31 (Iowa 1982), as follows:

> In reviewing the grant or denial of summary judgment motions, we view the underlying facts contained in the pleadings and the inferences to be drawn therefrom in the light most favorable to the party opposing the motion, and give to such party the benefit of any doubt as to the propriety of granting summary judgment. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied, and to reverse the grant of summary judgment if it appears from the record there is an unresolved issue of material fact.

*Id.* (citations omitted).

I.

Respondent-condemnor, Sac City, condemned 34.18 acres of land owned by petitioner-condemnee, Lawrence Bentsen, for the development of an airport. On May 9, 1977, a jury awarded condemnee $96,000 for the condemnation. Sac City deposited this sum plus $450 for attorneys fees with the Sheriff for Sac City and took possession of the property. Thereafter on August 5, 1977, Bentsen filed a petition in the district court claiming that the condemnation award was inadequate and that the taking was not for public purposes. On June 26, 1978, while the appeal was still pending, Bentsen motioned to have the $96,450 award deposited into an interest-bearing account. The motion was granted whereupon the clerk of court deposited the money into interest-bearing accounts in three local banks.

On April 17, 1979, a jury awarded Bentsen $92,000—$4,000 less than the original condemnation award. The court then ordered the funds disbursed according to the judgment. The clerk of court ordered the following amounts to be paid to Bentsen: from the first bank, $33,220 in principal and $1,129.21 in accrued interest; from the second bank, $33,225 in principal and $1,129.24 in accrued interest; and from the third bank, $30,000 in principal and $1,087.68 in accrued interest. Additionally, Sac City paid $4,306.28 to Bentsen under what both parties now agree was a mistake of law. Bentsen received a total of $104,-102.33. Sac City then instituted this action to recover $12,102.33, the amount paid to Bentsen in excess of the $92,000 judgment.

Sac City subsequently filed a motion for separate adjudication of law points and motion for summary judgment asserting that there was no material issue of fact. Bentsen resisted the motion arguing mainly that, as a matter of law, he was entitled to retain the money received in excess of the $92,000 judgment. In his supporting memorandum, Bentsen also argued that Sac City was barred from recovering the interest paid under the doctrine of estoppel since he claimed that he decided not to appeal the $92,000 judgment on the belief that he was entitled to the entire amount he received.

On October 15, 1981, the trial court granted Sac City's motion for summary judgment. In its ruling the court concluded that summary judgment was appropriate since the case presented no material issue of fact, but only legal questions. The trial court concluded that Bentsen, as the condemnee, was not entitled to the interest where he appealed and received a lower award; that an amount erroneously paid under a mistake of law by a public officer may be recovered; and that regardless of who made the payment, it was either a public entity or agent thereof and was entitled to the interest. In rejecting the estoppel argument, the trial court noted there were no interrogatories, depositions, or affidavits relating to the issue and that under Iowa Rule of Civil Procedure 237(e) a resisting party cannot rest on the allegations of its pleading. The court also determined that there was no factual issue concerning the claim of estoppel since there was no duty for the plaintiff to disclose the mistake of law or fact which gave rise to the erroneous payment of interest and that there was no claimed or suggested misrepresentation. In addition, the court did not award Sac City interest on its judgment. Bentsen appeals from this ruling and Sac City cross-appeals demanding interest on its judgment.

II.

Bentsen's first contention is that the court erred in failing to hold that the due process clauses of the United States Constitution and the Constitution of the State of Iowa entitle him to interest on the condemnation award. It is important to note that Bentsen's argument here does not refer to interest actually earned on the award invested by the clerk of court. In this division, he argues that he is entitled to interest on his judgment, to be paid by the condemnor. We disagree with this proposition.

In condemnation cases, the "just compensation" awarded to the condemnee includes interest necessary to compensate for any delay in payment after the condemnor has taken possession of the property. *Miller v. United States,* 620 F.2d 812, 839 (Ct.Cl.1980). The Constitution requires that the condemnee "receive an amount sufficient to produce the full equivalent of the value paid contemporaneously with the taking." *Id.* On the other hand, the condemnee is not entitled to interest when the condemnor pays the full amount into court contemporaneously with the taking, but the condemnee refuses the award in order to pursue an appeal which is ultimately unsuccessful. *Strange Brothers Hide Co. v. Iowa State Highway Commission,* 250 Iowa 450, 452, 93 N.W.2d 99, 100 (1958). This is true only when the condemnee lodges the unsuccessful appeal, the theory being that he "created the situation, failed, and should not be awarded interest." *Id.* (citations omitted).

Notwithstanding these authorities, Bentsen argues that the rule refusing a condemnee interest on the award during the pendancy of the appeal "penalizes" him for seeking a judicial determination of the award, and thus violates due process. A similar challenge to the rule was addressed and rejected in *Feltz v. Central Nebraska Public Power & Irrigation Dist.*, 124 F.2d 578, 585 (8th Cir.1942). In *Feltz*, the court upheld the Nebraska rule as constitutional, noting that:

> [t]he landowner who avails himself of his right to have his claims judicially determined must bear a burden of litigation. Pending his appeal he may have to go without either his land or his money, and if his litigation is unsuccessful there is no compensation by way of interest. On the other hand, the condemnor who takes land for public uses must also bear a burden. Before taking the land it must part with its full value, so determined by appraisers. If litigation results adversely to it, it must pay interest as well as any additional recovery. If it succeeds it has no compensation for the excess of the money with which it parted when it took the land. Such incidents of litigation are entirely compatible with the Nebraska constitutional requirement that all courts shall be open, and every person for any injury done him in his land, goods, person or reputation shall have remedy by due course of law and justice, administered without denial or delay, and with the requirement that the property of no person shall be taken or damaged for public use without just compensation therefor.

*Id.*

■ We believe this is the correct analysis. The postponement of the actual payment of the compensation award is attributed entirely to a condemnee who pursues a meritless appeal. Due process does not entitle him to interest under these circumstances. Accordingly, we find that the court correctly concluded that Bentsen was not entitled to interest on his reduced award.

## III.

Bentsen's next contention is that, even if he is not entitled to interest on his award, he should be awarded the $3,346.16 interest *actually earned* on the $96,000 which, pursuant to his motion, was placed in interest-bearing accounts pending determination of his action challenging the condemnation award.

■ Petitioner's challenge does not affect the result reached in the previous division in which we held that a condemnor who, pursuant to Iowa Code § 472.25 (1981), pays the condemnation award into court, will not be required to pay out of pocket interest on the award for the period in which the condemnee pursues a meritless appeal. *See Hayes v. Chicago R.I. and P.R.Y. Co.*, 239 Iowa 149, 155, 30 N.W.2d 743, 747 (1948); *Strange Bros. Hide Co.*, 250 Iowa at 454, 93 N.W.2d at 101. This challenge focuses solely on the $3,346.16 interest *actually earned* on the award when it was deposited in the three local banks pending adjudication of Bentsen's action. We believe the interest actually earned on the amount Bentsen was ultimately awarded properly belongs to him.

The condemnor, Sac City, relinquished control of the $96,450 when it paid this amount into court and took possession of the condemned land. The award was being held by the clerk of court pending resolution of Bentsen's challenge to the condemnation award. Had Bentsen not moved the court to deposit the money into interest-bearing accounts, no interest would have been earned and no interest would have been recoverable from Sac City. But because of the resourcefulness of Bentsen, the award was deposited and did earn a substantial sum in interest. To allow Sac City to recover this amount would allow them the use of the land and the "use" of the award money pending appeal. We cannot allow the condemnor to collect such an unjust windfall.

In a similar case in California, the court noted that condemnation funds which were paid into court and subsequently deposited into interest-bearing accounts represented

compensation for the taking which could have been withdrawn by the condemnee if he chose to forego his appeal. *Redevelopment Agency of City and County of San Francisco v. Goodman,* 53 Cal.App.3d 424, 435, 125 Cal.Rptr. 818, 824 (1975). The court concluded that the condemnee was entitled to interest actually earned on the funds which were originally placed with the clerk of court for the condemnee's benefit. *Id.*

We believe the same result should be reached in this case. However, since the land was finally adjudged to be worth $92,-000, Bentsen is entitled to the interest earned only on this amount. The award of $96,000 plus $450 attorneys fees was reduced 4.6% on appeal to $92,000. Reducing the $3,346.13 total earned interest by this percentage, we conclude that $3,191.76 in earned interest should be awarded to Bentsen. Sac City is entitled to the balance, representing the interest earned on the award which was paid into court over and above the $92,000 that it was finally required to pay.

We reiterate that our holding does not disturb the rule set forth in *Strange Bros. Hide Co.* or *Feltz,* upon which we relied in the previous division. Moreover, we believe our holding here will encourage parties to motion the court to deposit idle monies into interest-bearing accounts while an appeal is pending, a move we support in light of the fact that the appeal process is often a time consuming one.

### IV.

Bentsen's next contention is that the trial court erred in finding that Sac City is entitled to recover back interest paid on the award under a mistake of law. We disagree.

As a general rule, payments made by a municipal subdivision of a state under mistake of law may be recovered back. 70 C.J.S. *Payments* § 156(b)(2) (1975). However, it appears that when a city is acting in its proprietary capacity, it is bound by the rules governing private corporate entities. *Id; City of High Point v. Duke Power Co.,*

120 F.2d 866, 869 (4th Cir.1941); *Chrysler Light and Power Co. v. City of Belfield,* 58 N.D. 33, 47, 224 N.W. 871 (1929). Under these rules, the municipality is denied recovery of monies paid under mistake of law. *Id.* This issue appears to turn, therefore, on whether Sac City was acting in its proprietary capacity in taking the 34.18 acres of land for airport purposes.

Whether a municipal subdivision is acting in its "governmental" capacity or "proprietary" capacity is to be determined from the particular circumstances of the case. *City of Waco v. Thompson,* 127 S.W.2d 223, 225 (Tex.Civ.App.1939). Having reviewed the relevant authorities, we believe Sac City was not functioning in its proprietary capacity when it exercised its governmental powers to condemn property. This is distinguishable from the situation where the City is conducting a business and acts to further these business enterprises. *See Ex parte Houston,* 93 Okla.Cr.App. 26, 46, 224 P.2d 281, 292 (1950) (city found to be acting in proprietary capacity when operating a municipal airport terminal); *Heitman v. Lake City,* 225 Minn. 117, 121, 30 N.W.2d 18, 21 (1947) (city found to be acting in proprietary capacity in its role as owner and operator of a boat harbor); *Jacoby v. Chouteau County,* 112 Mont. 70, 74, 112 P.2d 1068, 1070 (1941). Hence, we believe the $4,306.28 paid to Bentsen under mistake of law is recoverable by Sac City. We affirm the court's ruling on this issue.

### V.

Bentsen further argues that Sac City is an inappropriate party to recover any interest. Iowa Code § 472.25 provides that the condemnor has a right to possess condemned property upon the deposit with the Sheriff of the amount assessed in favor of the condemnee. When the condemnee appeals the award and recovers a lesser amount, the condemnor is the proper party to recover the balance of the original award deposit plus interest. This view is consistent with section 472.25 which reads, in part:

Upon appeal from the commissioners' award of damages the district court, wherein said appeal is pending, may direct that such part of the amount of damages deposited with the sheriff, as it finds just and proper, be paid to persons entitled thereto. If upon trial of said appeal a lesser amount is awarded the difference between the amount so awarded and the amount paid as above provided shall be repaid by the person or persons to whom the same was paid and upon failure to make such repayment the party entitled thereto shall have judgment entered against the person or persons who received such excess payment.

## VI.

Bentsen's final contention is that the court erred in failing to find that a fact question was presented in the issue of whether Sac City should be estopped from recovering back interest on the award. We agree with the trial court that Bentsen failed to establish an estoppel issue for trial. After Sac City filed its motion for summary judgment with supporting affidavit and memoranda, Bentsen attempted to raise the estoppel issue in his amended and substituted answer and in the brief resisting summary judgment. He filed no interrogatories, depositions or affidavits relating to the issue, but attempted to rely only on his pleading. As a resisting party, Bentsen cannot rest on the allegations of its pleadings. Iowa Rule of Civil Procedure 273(e) provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ Bentsen does not set forth specific facts which generate a genuine estoppel issue for trial. We agree with the trial court that no genuine issue is raised and that summary judgment is appropriate in this case.

## VII.

■ The final matter which we address is whether Sac City is entitled to interest on its judgment. Iowa Code § 535.3 provides for ten percent interest to be awarded on the amount of the judgment from the date the action was commenced. Bentsen does not challenge that the interest is appropriate. It appears that the trial court's failure to provide for such interest was inadvertent. We hold Sac City is entitled to interest on its judgment at the rate of ten percent from February 21, 1980, the date this action was commenced.

In summary, we find Bentsen entitled to retain $95,191.76 of the $104,102.33 paid to him by Sac City. This sum represents the condemnation award, plus the interest actually earned on that amount. Sac City must receive the balance of $8,910.57, representing the amount the condemnation award was reduced on appeal plus the amount of interest actually earned on this reduced portion, plus the $4,306.28 paid to Bentsen under mistake of law. In addition, Sac City's judgment in this amount will earn interest at the rate of ten percent from February 21, 1980.

AFFIRMED IN PART; REVERSED IN PART.