**CITY OF DES MOINES, Appellee,**

v.

**George R. McCUNE and Virginia L. McCune, Appellants.**

**No. 90–1532.**

Supreme Court of Iowa.

June 17, 1992.

Rehearing Denied July 29, 1992.

Mark McCormick of Belin Harris Lamson McCormick, P.C., Des Moines, for appellants.

Terrence L. Timmins, City Sol., and Douglas P. Philiph, Asst. City Atty., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

LAVORATO, Justice.

In this eminent domain proceeding, the condemnee landowners appeal from a jury verdict that awarded them less than the compensation commission. The landowners challenge a district court ruling that denied their offer of proof regarding business losses. The condemnor cross-appeals. The condemnor challenges the district court's ruling that denied the condemnor interest on the difference between the commission's award and the jury's award. Earlier, the district court had ordered the full amount of the commission's award released to the landowners. We affirm.

George and Virginia McCune owned the real estate located at 2110 Army Post Road in Des Moines. Apparently, as far as we can tell from the record, they were also the sole owners of a corporation, Budget of Iowa, Inc. Through this corporation the McCunes operated a used car sales and rental car business.

The McCunes had leased the real estate located at 2110 Army Post Road to Budget of Iowa, Inc. The lease ran from December 1, 1979, to November 30, 1989. The lease fixed the rent at $1200 per month subject to a cost-of-living increase based on the consumer price index. The rent was also adjustable with an increase in property taxes. Budget of Iowa, Inc., as tenant, was responsible for utilities, interior repairs, exterior repairs, snow removal, and plate glass repair. The McCunes, as landlords, were responsible for taxes, insurance, structural repairs, management, and reserves for replacements.

On April 29, 1986, the city of Des Moines condemned the fee but not the leasehold interest at 2110 Army Post Road. The city's appraiser appraised the property—land and buildings—at $115,000 and testified to this value at the hearing before the compensation commission. The McCunes' appraiser testified that the going-concern value of the business on the condemnation date was $2,868,000. The land and buildings comprised $103,000 of this figure.

The compensation commission awarded the McCunes $225,000, which was $122,000 more than the McCunes' own appraisal of the land and buildings. The city appealed to the district court; the McCunes cross-appealed. Neither, however, made Budget of Iowa, Inc.—the lessee—a party to the proceedings on appeal.

On March 2, 1988, while the case was pending on appeal to the district court, the city's appraiser supplemented his appraisal report. This time he appraised the fee *and* the leasehold interest. He appraised the fee at $115,000 and the leasehold interest at $0.

Before trial, the district court granted the city's motion in limine regarding the McCunes' intention to offer evidence on going-concern value. The court in granting the motion ruled that

the Iowa courts have not recognized "going-concern [value]" and attending profitability as compensable in condemnation proceedings, *except as germane to valuation of a leasehold interest.*

(Emphasis added.)

At trial, the McCunes made an offer of proof through their appraiser to show a diminution in going-concern value of the business because of the condemnation. Part of the opinion bore on the loss of economic advantage because of the move by the McCunes to another location. According to the McCunes, this element is in reality the value of the leasehold interest. The appraiser put the diminution in going-concern value at $468,000.

Simply put, this $468,000 represented what the expert believed the McCunes had to have to be no worse off than they were before the taking. Using its prior rationale on its ruling regarding the motion in limine, the district court denied this offer of proof.

The city's appraiser testified that, at the time of the taking, the fee had a value of $115,000 and the leasehold interest had no value. The McCunes put the value at between $475,000 and $550,000. The jury returned a verdict of $175,000.

█ I. The district court correctly rejected evidence of diminution in going-concern value because the city had only condemned the fee and not the leasehold interest. This court has, following the traditional rule, not allowed evidence concerning profits when only the fee is being condemned. *See Wilson v. Iowa State Highway Comm'n,* 249 Iowa 994, 1006, 90 N.W.2d 161, 169 (1958). However, when a leasehold interest is being condemned, this court has allowed such evidence of profits—not as an element of damages, but to show the value of the leasehold interest. *See Twin–State Eng'g & Chem. Co. v. Iowa State Highway Comm'n,* 197 N.W.2d 575, 580 (Iowa 1972).

The city attempts to justify its neglect to condemn the leasehold interest on the

ground that the leasehold had no value. The city's action is apparently based on the theory that the whole equals the sum of its parts.

This court rejected this theory in *Wilson v. Fleming*, 239 Iowa 718, 732–33, 31 N.W.2d 393, 400–01 (1948). The interest of the fee owner and the interest of the tenant are not joint but separate. Each interest is separately valued for condemnation purposes. *Id.* at 735, 31 N.W.2d at 402. An award to one in no manner affects or prejudices the rights of the other. *Id.* So damages separately assessed for each interest might in total exceed the damages to the undivided whole interest. *Id.* at 734, 31 N.W.2d at 401. This approach correctly focuses on awarding compensation for what each "owner" has lost rather than on what the taker has gained. *Id.*, 31 N.W.2d at 401–02.

The McCunes recognize what we are saying. But they wish to proceed as if the leasehold interest is an issue for purposes of this appeal. Yet, on the other hand, they contend whatever this court does is not binding on Budget of Iowa, Inc.

We agree our decision is not binding on Budget of Iowa, Inc., because it was not a party to the proceedings. However, we reject the McCunes' suggestion that we nevertheless proceed as if the leasehold interest is an issue on appeal. But in doing so, we note that Budget of Iowa, Inc., may have the right to compel the city to condemn its leasehold interest through a mandamus action. *See, e.g., Forst v. City of Sioux City*, 209 N.W.2d 5, 7–8 (Iowa 1973). We express no opinion on the merits of this potential lawsuit.

II. To obtain possession of the property while the appeal was pending in the district court, the city deposited the $225,000 award with the sheriff. *See* Iowa Code § 472.25 (1987). The city then asked the district court to release only $110,000 of the award to the McCunes. The court, however, ordered the full award released.

Following the jury verdict, the McCunes paid the city $50,000, the difference between the $225,000 award and the jury verdict of $175,000. The city, however, asked the district court to order the McCunes to pay interest on the $50,000. The district court refused to do so, and now the city challenges this refusal in its cross-appeal.

Before enactment of section 472.25, the following rules on interest controlled in condemnation proceedings. If the landowner alone appealed and the jury's verdict was less than the award, the condemnor was not obligated to pay interest on the award. The rationale for the rule was based on the notion that the landowner should not be rewarded for a failure brought on by the landowner's own action. *Strange Bros. Hide Co. v. Iowa State Highway Comm'n*, 250 Iowa 450, 452, 93 N.W.2d 99, 100 (1958).

If the condemnor appealed, the landowner was allowed interest from the date the condemnor took possession of the property. This was the rule whether the jury verdict was larger or smaller than the award and whether or not the landowner cross-appealed. The rationale for this rule was that by its appeal the condemnor prevented the landowner from having the use of the property or the award until after the case was tried in district court. This resulted from a statute that allowed the condemnor to take possession of the property immediately after condemnation. *Id.* at 453–54, 93 N.W.2d at 100–01.

Section 472.25 softened the impact of the rule that prevented the landowner from recovering interest if the landowner alone appealed and the jury verdict was less than the award. The condemnor is entitled to immediate possession once it deposits the award with the sheriff. Iowa Code § 472.25. However, on any appeal from the award, the district court may now release to the landowner any part of the award "as it finds just and proper." *Id.* So even though the landowner may lose the use of the property, the landowner instead has the use of the award. The condemnor also benefits when the court releases any part of the award to the landowner because interest does not accrue on the amount paid. *See Iowa Dev. Co. v. Iowa State*

*Highway Comm'n,* 252 Iowa 978, 993–94, 108 N.W.2d 487, 496 (1961).

Section 472.25 also pertinently provides: If upon trial of the appeal a lesser amount is awarded, the difference between the amount so awarded and the amount paid shall be repaid by the person to whom it was paid and upon failure to make the repayment the party shall have judgment entered against the person who received the excess payment. We see nothing in this language which supports the city's position that the McCunes owe interest on the $50,000 excess. Cases from other jurisdictions are not in agreement on this issue. *See* 27 Am.Jur.2d *Eminent Domain* § 297, at 111 (1966); *see generally* J. Kraut, Annotation, *Condemnor's Right, as Against Condemnee, to Interest on Excessive Money Deposited in Court or Paid to Condemnee,* 99 A.L.R.2d 886 (1965) (discussing cases where interest was allowed and where interest was denied). But we are persuaded by one court's reasoning that the better rule favors the landowner in these circumstances:

The landowner who avails himself of his right to have his claims judicially determined must bear a burden of litigation. Pending his appeal he may have to go without either his land or his money, and if his litigation is unsuccessful there is no compensation by way of interest. *On the other hand, the condemnor who takes land for public uses must also bear a burden. Before taking the land it must part with its full value, so determined by appraisers. If litigation results adversely to it, it must pay interest as well as any additional recovery. If it succeeds it has no compensation for the excess of the money with which it parted when it took the land. Such incidents of litigation are entirely compatible ... with the requirement that the property of no person shall be taken or damaged for public use without just compensation therefor.*

*Feltz v. Central Neb. Pub. Power & Irrigation Dist.,* 124 F.2d 578, 585 (8th Cir. 1942) (interpreting Nebraska law) (emphasis added); *see also City of Sac City v. Bentsen,* 329 N.W.2d 675, 678 (Iowa App. 1982) (citing this same language in support of the court's conclusion that landowner was not entitled to interest when he appealed and received less from the jury). Allowing the city no interest on the $50,000 excess is compatible with our prior holding that section 472.25 must be strictly construed to protect the constitutional rights of the landowner. *See City of Des Moines v. Geller Glass & Upholstery, Inc.,* 319 N.W.2d 239, 242 (Iowa 1982).

III. In sum, we conclude the district court correctly excluded evidence of diminution in going-concern value because only the fee was condemned. Additionally, we conclude the district court also correctly denied the city interest on the $50,000 excess it paid pending appeal.

AFFIRMED.